■ JOHN SMIMMO, Appellant, v. AMERICAN UNION INSURANCE COMPANY OF NEW YORK, Respondent.— MEMORANDUM BY THE COURT. Appeal by plaintiff from a judgment of the Supreme Court entered upon a verdict of no cause of action, in an action to recover upon a fire insurance policy. There was ample circumstantial evidence, which the jury was entitled to credit, from which it could legitimately infer that plaintiff, then 92 years of age, set fire to the dwelling house, which was the subject of the insurance and which was occupied in part by him and in part by his son and his son's family. The son testified that a month before the fire his father said to him that if the son did not move out of the house he would burn it down. A neighbor testified that while the fire was in progress, plaintiff exhibited to her a deed and a fire insurance policy and asked her to tell him the amount of the insurance, and in the course of the same conversation said that he "told John [his son] to go or he would burn him out". The same witness said that clothing and a television set were removed from plaintiff's part of the house shortly before the fire. Plaintiff's son and other witnesses testified that plaintiff was at the scene minutes before the fire and if the jury accepted this proof it was then entitled to give damaging effect to plaintiff's denials of his proximity. There was substantial proof serving to eliminate at least the more common causes of accidental fires. As the second ground of its defense, defendant adduced proof, which the jury could well credit, of plaintiff's misrepresentations after the fire, within the provisions of the policy in such case voiding the insurance. The verdict was fully warranted by the evidence and we find no error in the charge to the jury or otherwise in the conduct of the trial. Judgment affirmed, without costs. Gibson, P. J., Herlihy, Reynolds and Staley, Jr., JJ., concur; Taylor, J., not voting.