■ SHAWANGA HOLDING CORP., Appellant, v NEW YORK PROPERTY INSURANCE UNDERWRITING ASSOCIATION, Respondent.—Appeal (1) from a judgment of the Supreme Court, entered April 21, 1976 in Sullivan County, upon a verdict rendered at Trial Term dismissing plaintiff's complaint and (2) from an order of said court, entered April 23, 1976, which denied plaintiff's motion to set aside the verdict or for a new trial. This action was commenced to recover the sum of $492,000, the amount of the coverage under a fire insurance policy issued by the defendant, for destruction by fire of a building and its contents located in Sullivan County on January 19, 1973. The defendant's answer included affirmative defenses of arson, increase of hazard, false swearing and willful exaggeration. The jury found in response to the special questions submitted that the fire was an arson caused or procured by the plaintiff; that there was an increase of hazard within the knowledge or control of the plaintiff; and that there was false swearing, willful concealment or misrepresentation on the part of the plaintiff, as well as willful exaggeration in the plaintiff's proof of loss. Based upon these findings, which would relieve the defendant of its obligation to make payment under the terms of the policy, a judgment was entered in favor of the defendant of no cause of action. On this appeal plaintiff contends that the proof was insufficient to establish prima facie the affirmative defenses asserted and, consequently, the trial court was in error in submitting the special questions to the jury. If there were questions for the jury to determine, plaintiff argues, then its findings are against the weight of the evidence. Objection is also made by the plaintiff to the exclusion of certain evidence and to the admission of certain other evidence. We observe at the outset that plaintiff concedes that the fire was of incendiary origin, and that there is circumstantial evidence that plaintiff may have had a financial motive to commit arson. Since direct proof of arson is seldom available, the courts have long recognized that it can be established in civil cases by circumstantial evidence *(Elgi Holding v Insurance Co. of North Amer.,* 511 F2d 957; *V. F. W. Constr. Co. v Aetna Ins. Co.,* 56 AD2d 598). The record reveals more than ample circumstantial evidence from which it could legitimately be inferred that the fire was caused or procured to be caused by the plaintiff; that the fire occurred while the hazard was increased by means within the control of the plaintiff in connection with the origin of the fire; and that the plaintiff falsely represented the amount of its loss and willfully exaggerated the loss and damage sustained. There was testimony as to the unusually rapid spread of the fire before any fire-fighting equipment could reach the scene through the use of an accelerant and open windows in the

upper floors of the building; and that the sprinkler and hydrant system were rendered inoperative by draining the water out of the water tank that supplied the sprinkler and hydrants. Plaintiff corporation consisted of four stockholders at the time of the fire, and it was formed for the purpose of acquiring title to the subject property, which was purchased at a foreclosure sale approximately one year before the fire. The property was purchased for $240,000 including back taxes and other expenses, and consisted of 250 acres of land, the main building where the fire occurred, two other motel buildings, a casino, a dozen cottages, and the contents of all the buildings. The purchase price was financed through a first mortgage of $170,000 and a second mortgage of $20,000, and the fire occurred approximately four months before the plaintiff's principals were required to make payments aggregating $169,300 on their mortgages. There is also evidence to the effect that the principals had orally agreed to sell the entire premises to a purchaser who had no use for the building and would have to demolish it. Shortly after the fire, the evidence established that the plaintiff sold the property to the same purchaser for $530,000, the same figure agreed to before the fire. From the time the property was purchased by the plaintiff up to the date of the fire it remained vacant and unoccupied, and was not used for any purpose. It produced no income. No improvements or repairs were made and there was no heat. The record reveals further that the four principals of the corporation actively participated in the corporate affairs of the plaintiff, especially in view of the fact that the sole purpose of incorporation was to acquire the premises in question, and that all the principals jointly participated in activities leading to the purchase and sale of the premises. Finally, the record discloses that a triable issue was established as to whether plaintiff willfully and fraudulently exaggerated its loss and it cannot be said that by no rational process could the jury find for the defendant on that issue. We conclude that the jury's findings were fully warranted by the evidence *(Elgi Holding v Insurance Co. of North Amer., supra; Smimmo v American Union Ins. Co. of N. Y.,* 26 AD2d 861), and we find no error in the conduct of the trial. Judgment affirmed, without costs. Koreman, P. J., Sweeney, Kane, Mahoney and Larkin, JJ., concur.