OPINION OF THE COURT
James F. Niehoff, J.
This case presents issues which appear to be of first impression within the State of New York.
The plaintiffs, husband and wife, who own premises 136 No. 2nd Street in New Hyde Park as tenants by the entirety seek to recover the sum of $28,581.60 for damage caused to their home by fire on November 10, 1976. The defendant insurer, while admitting that it issued to the plaintiffs its policy of *498 insurance No. 73 SH7482247 PGA against fire damage in the sum of $32,000, declines to pay. The basis for its refusal is set forth in three affirmative defenses pleaded in the answer, to wit: (1) that the fire in question was willfully and maliciously set or caused to be set by plaintiffs or either one or the other of them; (2) that plaintiffs rendered to defendant a paper purporting to be proof of loss in which plaintiffs swore falsely regarding certain material facts; and (3) that at the time of the fire the hazard was increased by means within the knowledge or control of plaintiffs or either of them.
The case was tried on July 27, 1978. At the opening of the trial it was stipulated by the parties, with the approval of the court, that the matter would be tried in a bifurcated fashion. Consequently, this decision deals only with the question of liability and to the extent that the second affirmative defense may relate to the amount of the claimed loss any determination with respect to said defense must be held in abeyance pending the trial of the issue of damages.
The following facts were developed on the trial.
The plaintiffs, who were married for 21 years at the time of the trial, were having marital troubles in November of 1976. On the morning of the fire, November 10, they had a court appearance in the Family Court concerning the wife’s application for an order of protection. After the hearing the husband went home and the wife remained behind to obtain the typed order from the clerk of the court. When he arrived home he was in an angry frame of mind because of the proceedings and, in his anger, drank more than a half quart of cognac in a period of from 1 Vi to 2 hours. As he drank, his anger intensified and he determined to burn down the house. He found an empty gasoline can in the garage which he took to a local gas station. After the can had been filled, he returned home and spilled the gasoline in the garage and throughout the house. The fire followed shortly thereafter.
The insurer claims that the plaintiff husband set the fire or, at the very least, that he increased the hazard of fire by his actions.
The husband maintains that he did not set the fire. According to his testimony, which the court accepts as true, he came to his senses and had second thoughts and instead of igniting the gasoline, he walked out of the house and drove away from the house with his dog in the car. He proceeded to Alley Pond *499 Park in Queens where he fell asleep in his automobile. Later that day, he learned that there had been a fire in his house.
In the court’s judgment the evidence does not establish the defendant’s first defense, namely, that the fire was willfully set or caused to be set by one of the plaintiffs. While there is no doubt that plaintiff Damazy Winter deliberately spilled several gallons of gasoline throughout the house with the initial intention of setting fire to the house, the evidence does not support the conclusion that he ever ignited the gasoline. Rather, the credible evidence establishes that he left the house without igniting it. It may well be that the fire was caused by gasoline fumes coming into contact with the pilot light on the gas stove or by an electrical spark occurring when the refrigerator turned on. Hence, the first affirmative defense is stricken, as well as such part of the second affirmative defense as may relate to plaintiff’s statement that the cause and origin of the loss were unknown to the assured and that the loss did not originate by any act, design or procurement on the part of the insured.
Although the evidence does not warrant a holding that Damazy Winter set the fire or caused it to be set can hardly be denied that by his actions Mr. Winter materially and substantially increased the risk of fire in the premises.
The fire insurance policy specifically provides that the "company shall not be liable for loss occurring (a) while the hazard is increased by any means within the control or knowledge of the insured”. Inasmuch as the hazard of fire was increased by means within the knowledge and control of the plaintiff Damazy Winter, it is clear-that the defendant is not liable to said plaintiff and "the defendant is entitled to enter judgment dismissing said plaintiff’s complaint. However that may be, the question which must be answered — and it is a vexatious one — is whether or not the innocent insured, Christine Winter, is precluded from collecting under the insurance contract because of the acts of her joint tenant, her coinsured husband, Damazy Winter.
With respect to the key issue the respective positions of the parties are obvious. The plaintiff, Christine Winter, maintains that she is not barred from recovery under the fire insurance policy issed by the defendant Aetna despite her coinsured husband’s wrongful acts, while the defendant argues that the coinsured husband’s violation of the policy provision constitutes a viable defense against both of the joint insureds.
*500 Generally speaking, the authorities dealing with the issue have held that the question of whether an innocent coinsured may recover on property insurance after another coinsured has committed an act of misconduct ordinarily depends upon whether the interests of the coinsureds are joint or severable. Couch, Cyclopedia of Insurance Law notes that while a fire insurance policy on property owned by tenants-in-common is to be construed "as insuring the individual interest of each, so that the insurance of the interest of the others is not forfeited by the act of one of them in setting fire to the insured’s property”, such is not the case "Where two persons have a joint interest in property which is destroyed by being intentionally burned by one of them” in which event the "other though innocent, cannot recover on a fire policy.” (18 Couch on Insurance 2d, § 74:673, see, also, 5 Appelman, Insurance Law and Practice, § 3113, ns 58.05, 60.)
The majority of jurisdictions faced with the question have ruled that there can be no recovery where the interests of the coinsured are joint. (Home Ins. Co. v Pugh, 51 Ala App 373; Federal Ins. Co. v Wong, 137 F Supp 232 [Cal]; Kosior v Continental Ins. Co., 299 Mass 601; Monaghan v Agricultural Fire Ins. Co., 53 Mich 238; but, see, Simon v Security Ins. Co., 390 Mich 72; Matyuf v Phoenix Ins. Co., 27 PA D & C 2d 351; Jones v Fidelity & Cas. Ins. Corp., 250 SW2d 281 [Tex]; Bridges v Commercial Std. Ins. Co., 252 SW2d 511 [Tex].)
On the other hand, the Appellate Division of the Superior Court of New Jersey in the case of Howell v Ohio Cas. Ins. Co. (130 NJ Super 350) cast aside the technicalities of title and, instead, focused on the responsibility for the arson or the wrongdoing. In Howell (supra) the surviving wife who had owned premises with her husband as tenants by the entirety, which was covered by a homeowner’s policy, brought action to recover various expenses after the husband had deliberately set fire to the house and committed suicide. The trial court held that the interest of the wife in the real estate held with the husband as tenants by the entirety or, in the alternative, in the contract rights under the policy was several, not joint, and thus not subject to forfeiture by the unilateral acts of her husband. It then found that since the interest was several, recovery should be had to the extent of the wife’s interest which it concluded amounted to one half of the damages within the policy limits. The Appellate Division (Howell v Ohio Cas. Ins. Co., 130 NJ Super 350, 354, supra) increased *501 the dollar amount awarded (with respect to living expenses incurred) to the plaintiff and affirmed the trial court’s finding that the husband’s arson did not preclude the wife’s recovery stating: "We hold that the trial court correctly determined that the fraud of the husband was no bar to recovery under the policy by the innocent wife. However, we reach this result irrespective of whether the interests of the wife and husband in the tenancy by the entirety, in the personal property, or in the contract rights under the policy are deemed to be joint or several. The significant factor is that the responsibility or liability for the fraud — here, the arson — is several and separate rather than joint, and the husband’s fraud cannot be attributed or imputed to the wife who is not implicated therein. Accordingly, the fraud of the co-insured husband does not void the policy as to plaintiff wife.”
The court believes that the approach adopted in the Howell case is sound and that it leads to an equitable result. Consequently, the court is of the view that like reasoning should be applied to the case at bar and that the misconduct of Damazy Winter should not be attributed to Christine Winter so as to void the provisions of the fire insurance policy herein. Clearly, the responsibility for increasing the risk of fire was soley upon Damazy Winter. No proof was adduced and, indeed, no claim has even been made that Christine Winter, on her part, increased the hazard by any means within her control or knowledge. That being so, the third affirmative defense pleaded by the defendant must fall as to the plaintiff, Christine Winter.
Having decided that the innocent coinsured, Christine Winter is entitled to recover on the fire insurance policy the court must next determine the extent (as opposed to the amount) of the proceeds to which she is entitled. As stated by Judge Burke in Hawthorne v Hawthorne (13 NY2d 82,85) the proceeds are the fruit of a fire insurance policy and are paid "pursuant to a personal contract of insurance entered into between these parties and the insurance company” and is "held by them [parties] in the same way as any personal property voluntarily acquired.” There being no dispute with respect to the quantity of the parties’ interests, it is the decision of the court that the plaintiff Christine Winter has a one-half interest in the fire insurance policy and that she is entitled to recover the proceeds paid pursuant to the policy to the extent of her interest.
*502 Accordingly, the plaintiff Christine Winter is entitled to enter judgment in her favor against the defendant on the issue of liability. In addition, the judgment to be submitted herein shall provide for the trial of the issues pertaining to the amount of damages sustained by the plaintiff Christine Winter. Said trial shall be held in Special Term, Part V of this court.