OPINION OF THE COURT
John G. Connor, J.
This is a motion for summary judgment in an action on an insurance policy. On July 6, 1981, defendant, Commercial Mutual Insurance Company (Commercial Mutual), issued a policy to plaintiff and her husband, Robert D. Welch, as named insureds. The couple held title to the insured property as tenants by the entirety, under a deed dated July 6, 1978. On December 31, 1981 husband and wife executed a deed conveying title to the wife alone in fee simple absolute, subject to a $9,500 mortgage to Kingston Trust Company which plaintiff assumed.
On May 25, 1982, a fire severely damaged the insured premises. Plaintiff’s husband commenced an action for divorce on June 4, 1982, and plaintiff sued for divorce on June 11, 1982. On July 8, 1982, plaintiff’s husband was indicted for arson in the third degree in connection with *631 the fire. He subsequently on September 9, 1982 entered a plea of guilty and on November 11, 1982 was sentenced to an indeterminate term of imprisonment of from 1 to 3 years.
Plaintiff on July 31, 1982 filed proof of loss with defendant as required under the policy, naming herself as the sole party entitled to the insurance proceeds, except Kingston Trust Company, as mortgagee. Defendant, Commercial Mutual, refused to make payment under the policy for the amount of the loss, which is uncontroverted, claiming (1) that so long as title to the insured premises is the subject of pending matrimonial litigation between plaintiff and her husband, defendant is not required to make payment and possibly expose itself to multiple liability, and (2) that due to the acts of plaintiff’s husband, a named insured, intentionally setting the fire and thereby increasing the hazard insured against, the policy of insurance upon which this action is brought was suspended or restricted at the time of the loss, and the plaintiff is not entitled to recover thereunder.
Plaintiff instituted this action on the policy, naming as defendants Commercial Mutual, and its agents Academy General Insurance and Blundell Adjustment Company. Plaintiff’s complaint seeks $37,432 plus interest as the net amount due under the policy, $1,500,000 in treble punitive damages, costs and disbursements, and reasonable attorney’s fees. Defendant Commercial Mutual has cross-moved for an order dismissing plaintiff’s “second cause of action”, which seeks punitive damages, and argues for a denial of plaintiff’s motion for summary judgment as to her first cause of action. It has filed an answer pleading nine affirmative defenses, which amount collectively to the assertion of the two issues previously set forth; defendant, Blundell Adjustment Company (Blundell), has cross-moved for summary judgment in its favor, dismissing the complaint against it as a matter of law. Defendant, Academy General Insurance (Academy), has not appeared and is in default.
PUNITIVE DAMAGES
There is no “cause of action” for punitive damages as such. (M.S.R. Assoc. v Consolidated Mut. Ins. Co., 58 *632 AD2d 858.) Plaintiff’s second cause of action alleges fraud and conspiracy among defendants in depriving plaintiff of the insurance proceeds to which she is lawfully entitled. This claim is not substantiated in the papers before the court, nor do the facts alleged support an award of punitive damages. Plaintiff’s claim is in essence one for breach of a private contract of fire insurance in form approved by the Department of Insurance of the State of New York. Punitive damages are not available in such a case against an insurer unless the latter in its dealings with the public has engaged in a fraudulent scheme evidencing such wanton dishonesty as to imply criminal indifference to its civil obligations. (Garrity v Lyle Stuart, Inc., 40 NY2d 354; Walker v Sheldon, 10 NY2d 401; M. S.R. Assoc, v Consolidated Mut. Ins. Co., supra; Buttignol Constr. Co. v Allstate Ins. Co., 22 AD2d 689.) Such a scheme is not made out by the pleadings herein. Plaintiff’s second cause of action is therefore stricken in its entirety.
BLUNDELL AND ACADEMY
The complaint alleges only that defendant, Blundell, acted as an agent of defendant Commercial Mutual in issuing the policy and in connection with the alleged fire loss. Plaintiff’s motion papers argue in addition that it has refused to'make payment and properly transfer the money from its principal, Commercial Mutual, to the plaintiff. There being no allegation that Blundell acted other than at the direction of its known principal in these transactions, Blundell is entitled to an order granting summary judgment in its favor, and dismissing the complaint in its entirety as to it. (Price v Lawrence-Van Voast, Inc., 58 AD2d 727; Gibbs v Home Ins. Co., 252 App Div 805.)
As to defendant, Academy, it appears this defendant has failed to appear and is in default. However, there appears no allegation in the complaint other than that it likewise acted as agent of defendant, Commercial Mutual, in insuring the premises owned by plaintiff. Upon searching the record the court holds summary judgment should be granted in favor of defendant Academy General Insurance Company, as well as dismissing the complaint in its entirety as to it.
*633 COMMERCIAL MUTUAL INSURANCE CO.
Plaintiff is entitled to summary judgment. The pleadings make out an uncontroverted loss by fire of property which was covered by an existing policy of insurance in favor of plaintiff, who under the facts pleaded was the only person who had any right to enforce the policy. Section 148 of the Insurance Law provides that, “No contract or policy of insurance * * * made or issued upon any property in this state, shall be enforceable except for the benefit of some person having an insurable interest in the property insured. The term insurable interest/ as used in this section, shall be deemed to include any lawful and substantial economic interest in the safety or preservation of property from loss, destruction or pecuniary damages.”
Plaintiff’s husband had no insurable interest of record in the premises at the time of the loss, having conveyed all his right, title and interest to the plaintiff by deed dated December 31, 1981. That he may now be seeking to have that deed set aside on equitable grounds, or may be seeking equitable distribution of plaintiff’s property in the course of a matrimonial action, is immaterial, since it is the insurable interests existing at the time of loss which determine the rights and liabilities as between insured and insurer. (Foley v Manufacturers & Builders’ Fire Ins. Co. of N. Y., 152 NY 131; City Sav. & Loan Assn. of N. Y. v Proprietors Ins. Co., 78 AD2d 377; Deck v Chautauqua County Patrons’ Fire Relief Assn., 73 Misc 2d 1048.)
In so holding, the court is not unmindful of cases which have held that in certain situations one spouse may have an insurable interest in the property of the other, irrespective of the form in which title is held. (Rohrbach v Germania Fire Ins. Co., 62 NY 47; Redfield v Holland Purchase Ins. Co., 56 NY 354; Ann., 27 ALR2d 1059.) Examination of these cases, however, r3veals in each some unique circumstance creating an equitable right, such as a spouse in possession under an oral promise of the title-holding spouse to reconvey, or a pre-existing lien on the property of the insured spouse. If it could be said in this case that plaintiff’s husband had an equitable right to possession of his wife’s property at the time of the loss, which a court of equity would protect and enforce, then it *634 could not be doubted that he had an insurable interest therein. (Redfield v Holland Purchase Ins. Co., supra.) However, no such interest appearing, it should be equally the rule that where a husband does not have a beneficial interest in his wife’s property, he has no insurable interest therein. (Price v United Pacific Cas. Ins. Co., 153 Ore 259; Commonwealth Ins. Co. of N. Y. v Lacy, 214 SW2d 899 [Tex].)
Nor is it necessary by virtue of the pending matrimonial litigation that plaintiff’s husband be made a party to this action, which concerns itself only with contractual rights existing at the time of the fire loss. Any equitable claim which Robert D. Welch might have to his wife’s property was not asserted in the matrimonial action until after the loss. Further, any such claim may be as well asserted over the insurance proceeds in the hands of plaintiff, without prejudice to him. It is true that plaintiff’s husband is, along with plaintiff, a “named insured” under the policy, which contains a “loss payable” clause to the effect that any loss sustained shall be paid to such “named insured”. However, being without an insurable interest, he is by statute precluded from having the policy enforced for his benefit. (Insurance Law, § 148). He is therefore not an interested party in these proceedings between plaintiff and her insurer. (CPLR 1001, subd [a]; see Shorey v Merchants Mut. Ins. Co., 72 AD2d 558.)
To summarize, the court holds that for purposes of this action plaintiff was sole owner of record of the insured property, subject to the existing mortgage. As such, plaintiff held the sole insurable interest in the premises as between herself and her husband. Defendant was bound by that record in determining which, if either, of the named insureds held a present insurable interest in the property, and was consequently entitled to the proceeds.
Having determined that plaintiff held the sole insurable interest as between the named insureds, it should be clear as well that the criminal act of plaintiff’s husband in causing the fire in no way prevents plaintiff’s recovery on the policy. The policy contains a clause which states that the defendant “shall not be liable for loss occurring * * * while the hazard is increased by any means within the *635 control or knowledge of the Insured.” The term “insured” is defined to include the “named insured” and his spouse, if resident in the household of the named insured.
It is evident from all the papers before the court that no one claims plaintiff had any actual knowledge of or participation in setting the blaze. Rather, defendant rests entirely on the theory that the act of one named insured must be constructively deemed the act of each, for purposes of applying the so-called “increase of hazard” clause. Since the court has determined that plaintiff’s husband had no insurable interest in the property at the time of the loss, he is in law not a “named insured” for purposes of enforcing the benefits of the policy. If he is not a party entitled to benefit from the policy, logic dictates he should not be deemed a party subject to the “increase of hazard” condition either. To hold otherwise would penalize the innocent spouse who has suffered the loss, for the criminal act of a spouse who, while technically a party to the insurance contract, has divested himself of all legal right to enforce the contract for his own benefit. The confines of the law are not so narrow.
Defendant’s cross motion for summary judgment is denied. Plaintiff is granted summary judgment on her first cause of action against defendant Commercial Mutual, in the sum of $37,432 plus interest from May 25, 1982, together with the costs and disbursements in this action. There being no statutory basis alleged upon which to award attorney’s fees, the same are hereby denied.