**Kathleen FELLMAN, Plaintiff-Appellant,**

v.

**FIREMAN'S FUND INSURANCE COMPANY, Defendant-Appellee.**

**No. 1160 Docket 83–7925.**

United States Court of Appeals, Second Circuit.

Argued April 30, 1984.

Decided May 25, 1984.

---

**1.** Indeed, a regulation would seem to be the sensible way of handling this problem.

Bartholomew J. Rebore, Lindenhurst, N.Y. (Rebore & Thorpe, P.C., Lindenhurst, N.Y., of counsel), for plaintiff-appellant.

Kenneth D. Goldberg, New York City (Gates, Singer, Deitsch, Goldberg & Fass, David H. Deitsch, New York City, of counsel), for defendant-appellee.

Before FEINBERG, Chief Judge, and MANSFIELD and KEARSE, Circuit Judges.

FEINBERG, Chief Judge:

Kathleen Fellman appeals from a judgment of the United States District Court for the Eastern District of New York, David F. Jordan, Magistrate, dismissing her complaint seeking recovery, on an insurance policy written by appellee, for the destruction of her house in a fire. The principal issue before us is whether appellant should be barred from recovery as a result of her husband's wrongdoing. For the reasons stated below, we reverse the judgment and remand for further proceedings.

### I.

The record establishes that the premises in question, located in South Farmingdale, New York, were acquired by appellant's husband Fred Fellman in the 1960's. At that time, Mr. Fellman was married to his former wife Lillian, whom he divorced in the early 1970's. As part of a separation agreement, he acquired any interest that Lillian may have had in the South Farmingdale house. Subsequently, Mr. Fellman and appellant were married and lived in this house.

In September 1979, however, they too entered into a separation agreement, pursuant to which

[t]he Husband agree[d] to convey to the Wife, upon the execution of this agreement, the following described property:

. . . .

b) All of his right, title and interest in and to that certain property and house located at 50 County Line Road, South Farmingdale, Long Island, New York, subject to the existing mortgage in the approximate sum of $45,000.00 thereon held by Mrs. Lena Ragusa, which the Wife assumes and agrees to pay; together with all of the household furniture and furnishings contained therein.

The homeowner's insurance policy that is the subject of this litigation was issued in August 1980 in the name of Fred Fellman. It covered the main house, an appurtenant structure and personal property. The policy was amended soon after; the amended policy named both Mr. Fellman and appellant as insureds. During the course of the trial before the magistrate, the insurance broker who, as an agent for appellee, sold the policy testified that he had intended to request that Mr. Fellman's name be removed from the policy altogether, and be replaced by appellant's. However, he made a mistake in filling out a form, and the change that was made—listing both Fellmans—was not the one that he intended to make. The broker also testified that he had the authority to orally bind appellee. Thus, he stated that when he agreed to request that the policy be amended to name only appellant, this change became effective.

The South Farmingdale premises were substantially destroyed by a fire in March 1981. In May, a proof of loss was submitted to appellee, bearing the names of both Mr. Fellman and appellant. The proof of loss stated, however, that appellant alone was the owner of the property and that, with the exception of two mortgagees, "[n]o other person or persons had any interest therein or incumbrance there-

on." The claimed loss was $341,763, the total cash value of the insured property.

Appellee rejected the claim on the ground that the fire was the result of arson, committed on behalf of appellant and her husband, and this litigation ensued. In October 1981, appellant brought suit in the Supreme Court of the State of New York, seeking to recover for the loss. Appellee removed the case to the United States District Court for the Eastern District of New York, alleging diversity jurisdiction. The case was tried before Magistrate Jordan, who entered a final judgment pursuant to the consensual reference provision of 28 U.S.C. § 636(c).

The magistrate concluded that appellee was liable for the losses caused by the fire unless it established at least one of its two affirmative defenses: first, that the fire was caused by arson attributable to appellant; and, second, that the claim was so exorbitant as to be fraudulent. The magistrate accepted the first defense. He found that (1) the fire was caused by arson, (2) the arson was attributable to Mr. Fellman and (3) the evidence did not establish a conspiracy between Mr. Fellman and appellant to destroy the premises. The magistrate further found—and this finding is the critical one for the purposes of this appeal—that Mr. Fellman was appellant's "agent . . . for financial matters concerning the premises and his actions with respect thereto are attributable to her."

This appeal from the magistrate's decision comes directly to us by virtue of 28 U.S.C. § 636(c)(3).

II.

Before considering the main issue in this case, we must deal with some preliminary matters. Appellant argues that the magistrate lacked jurisdiction to order the entry of judgment because the parties withdrew the consent necessary in section 636(c) references. In advancing this argument, appellant relies on a meeting between the magistrate and counsel for both sides, in which the magistrate stated that if this court followed the decision of a panel

of the Ninth Circuit in *Pacemaker Diagnostic Clinic, Inc. v. Instromedix, Inc.,* 712 F.2d 1305 (9th Cir.1983), holding unconstitutional the consensual reference provision of 28 U.S.C. § 636(c), he could transfer his findings to a district judge, and have the judge order the entry of judgment.[1] In this role, the magistrate would act as a special master. As events developed, the situation never arose. In *Collins v. Foreman,* 729 F.2d 108 (2d Cir.1984), we upheld the constitutionality of section 636(c). In any event, appellant's argument that the consent was withdrawn is without merit. Once a case is referred to a · magistrate under section 636(c), the reference can be withdrawn only by the district court, and only "for good cause shown on its own motion, or under *extraordinary circumstances* shown by any party." 28 U.S.C. § 636(c)(6) (emphasis added).

■ We also reject appellant's challenge to the magistrate's findings linking the fire to arson . and the arson to Mr. Fellman. The magistrate heard extensive testimony on the question of arson. The record amply supports his finding in this regard. Also, the magistrate properly relied on circumstantial evidence in linking the arson to Mr. Fellman. *Shawanga Holding Corp. v. New York Property Insurance Underwriting Assoc.,* 57 A.D.2d 677, 394 N.Y. S.2d 69, 70 (3d Dep't 1977). The evidence in the record on the latter issue is certainly sufficient to support the finding.

### III.

■ We thus turn to the question whether Mr. Fellman's wrongdoing can be imputed to appellant. Appellant, of course, concedes that an individual who fraudulently sets on fire a property covered by an insurance policy may not recover on that policy. Indeed, under New York law, which we apply in this case, arson is a complete defense to an action on a fire policy. *Kramnicz v. First National Bank,* 32 A.D.2d 1009, 302 N.Y.S.2d 22, 26 (3d Dep't 1969).

Appellant, however, argues that this general principle does not apply to her case because the magistrate found that she was the sole owner of the premises, and, in addition, that she was an innocent party not involved in a conspiracy to destroy the property by incendiary means.

Appellant relies principally on two cases: *Welch v. Commercial Mutual Insurance Co.,* 119 Misc.2d 630, 463 N.Y.S.2d 1011 (Sup.Ct. Ulster County 1983), and *Winter v. Aetna Casualty & Surety Co.,* 96 Misc.2d 497, 409 N.Y.S.2d 85 (Sup.Ct. Nassau County 1978). In *Welch,* the defendant issued a policy naming the plaintiff and her husband as insureds. Subsequently, the husband conveyed the property to the wife. The property was destroyed by fire; the husband pled guilty to arson in connection with that fire. The court determined that at the time of the fire the husband had no insurable interest in the property. As a result, it concluded that "the criminal act of plaintiff's husband in causing the fire in no way prevents plaintiff's recovery on the policy." *Welch,* 463 N.Y.S.2d at 1014.

In *Winter,* the plaintiffs, husband and wife, sought to recover for fire damage to a house that they held as tenants-by-the-entirety. The court found that the husband, by his actions, "materially and substantially increased the risk of fire in the premises," and was thus barred from recovering. *Winter,* 409 N.Y.S.2d at 87. The court, however, rejected the view held by many states that there can be no recovery in cases in which the interests of the co-insured are joint and where one of them is a wrongdoer for the purposes of the policy. Instead, it held that the innocent co-insured was entitled to recover one-half of the damages.

■ Despite this case law, appellant was denied recovery because the magistrate found that Mr. Fellman was her "agent ... for financial matters concerning the premises" and the arson was therefore "attrib-

---

1. After the magistrate ordered the entry of judgment, the panel decision in *Pacemaker* was reversed in banc. 725 F.2d 537 (9th Cir.1984).

utable" to her. The precise meaning of the finding that Mr. Fellman was appellant's "agent ... for financial matters" leaves much to the imagination. But whatever the finding meant, it hardly follows that the arson was therefore "attributable" to appellant, particularly in light of the express findings that the separation agreement conveying the house to Mrs. Fellman had been entered into well before the fire for reasons wholly unrelated to the fire; that Mrs. Fellman had no motive, financial or otherwise, to destroy the house; that Mrs. Fellman had no knowledge of Mr. Fellman's financial condition; and that she had not conspired with Mr. Fellman. Agency for financial matters hardly constitutes authority to engage in arson.

To affirm the magistrate's ultimate conclusion, his findings concerning agency and attribution must be interpreted to mean that appellant herself was involved in the wrongdoing or that Mr. Fellman would have received the *full* proceeds on any insurance payment to appellant. As already indicated, the former interpretation is at odds with the magistrate's finding that there was no conspiracy between appellant and her husband. The latter interpretation is defensible only if the separation agreement is viewed as a sham and, in addition, it is determined that appellant had no equitable interest in the premises. *Welch*, 463 N.Y.S.2d at 1014. The magistrate made no such finding; on the contrary, he explicitly found that the property had been transferred to appellant as sole owner. Because neither interpretation of the findings regarding agency and attribution is plausible on the record now before us, we must reverse the magistrate's decision that appellant is barred from recovering.

We cannot directly enter judgment in appellant's favor, however, because the record does not make clear the extent to which she should recover. On remand, the magistrate should first determine what insurable interest appellant had in the premises: under New York law, appellant cannot recover for a loss of property in which she did not have an insurable interest. See

N.Y.Ins.Law § 148. This inquiry would include reexamination of the separation agreement between the Fellmans and the transfer of property that resulted from it. We are aware, of course, that the magistrate determined that the transfer was legitimate, and we do not suggest that on reconsideration his conclusion should be different. His finding in this regard, however, may have been affected by his erroneously held view that, in any event, appellant could not recover. Also, the magistrate was obviously confused by the underlying facts. Indeed, he found that at the time of the issuance of the policy, the premises were owned by Mr. Fellman and appellant, and were thereafter transferred to appellant as sole owner. In fact, the record clearly establishes that prior to the transfer Mr. Fellman was the sole owner, not a co-owner, of the property. Also, the record establishes—and both parties agree—that the transfer took place before the issuance of the policy, not after. The sequence of events is important because it might shed some light on the intent of the parties. For these reasons, we think that the findings related to the transfer of the property should be set aside and the question retried.

In determining the extent of each party's insurable interest, the magistrate should also pay particular attention to other factors. Citing *In re Wilson*, 50 N.Y.2d 59, 427 N.Y.S.2d 977, 980, 405 N.E.2d 220, 223 (N.Y.1980), appellee argues that the conduct of the parties subsequent to the separation agreement voided the transfer of the premises pursuant to that agreement; appellant denies this claim, but argues that, in any event, the conveyance was an executed contract that should not be undone given the absence of an express intention to do so. The magistrate should consider these contentions. We also note that the mere fact that Mr. Fellman may have been a "resident" of the South Farmingdale house would not bar appellant's recovery. In *Winter*, both husband and wife lived in the destroyed premises. This did not bar the wife from recovering for

damage suffered to her interest in the home. Next, the magistrate should consider the status of the personal property in the premises. It would appear that even if the transfer in the separation agreement was effective, some of the personal property in the house at the time of the fire may not have been covered by this agreement, and may have belonged to Mr. Fellman.

A further, related, inquiry should focus on who would have been the actual beneficiary of the insurance proceeds. It is possible that since the Fellmans were both named as insureds and filed a joint claim under the policy, they intended to split the insurance proceeds. If the magistrate finds this to be the case, they should be treated as beneficiaries-in-common and appellant's recovery should come within the scope of the rule in *Winter*. If, on the other hand, the magistrate determines that appellant intended to receive and retain the full amount of the insurance proceeds, she should recover for her insurable interest in the property. Of course, should the magistrate find that appellant intended to convey to Mr. Fellman the full proceeds, then appellant should be barred from recovering.

The judgment of the district court is reversed; the case is remanded for further proceedings not inconsistent with this opinion. The retrial on remand should be limited to the issues raised in Part III of this opinion. The magistrate should not reexamine his findings that the fire was caused by arson attributable to Mr. Fellman and that appellant did not conspire with him to destroy the premises, or his rejection of appellee's defense that the claim was so exorbitant as to be fraudulent.[2] No costs.

---

**2.** Appellee argues that the magistrate erred in this regard. On the record before us, we see no persuasive reason to set aside the magistrate's rejection of this defense.