**Thomas MORROW, Individually and in behalf of all others similarly Situated, Plaintiffs,**

v.

**Jack HARWELL, Individually and in his official capacity as Sheriff of McLennan County, Texas; David McClaren, Individually and in his official capacity as Chief Jailer of McLennan County Jail; and also individually in their respective capacities of official duty: County Judge Bob L. Thomas, Ray Berry, Roy E. Nail, Beverly Cox, and Joe Lechler, Members of the McLennan County Commissioners Court, Defendants.**

Civ. A. No. W–76–CA–36.

United States District Court,
W.D. Texas,
Waco Division.

July 31, 1986.

---

James C. Harrington, American Civil Liberties Foundation of Texas, Inc., Austin, Tex., for plaintiffs.

W.C. Haley, Haley & Davis, Waco, Tex., for defendants.

## MEMORANDUM OPINION AND ORDER

WALTER S. SMITH, JR., District Judge.

On July 16 and 17, 1986, evidence was presented concerning Plaintiffs' Motion for Supplemental Injunctive Relief. This class-action prisoner litigation, originally filed on March 30, 1976, has now passed its tenth birthday in this federal court. The time for final determination has arrived.

On August 2, 1985, the Fifth Circuit handed down its opinion, affirming in part, reversing in part, vacating in part, and remanding. *Morrow v. Harwell,* 768 F.2d 619 (5th Cir.1985). The Appellate Court affirmed the trial Court's declaration regarding access to the courts, set aside injunctive orders relative to such access, and

vacated the trial Court's attorney's fees award, remanding for reassessment of the amount. Evidence was then presented to the trial Court (U.S. Magistrate Boyd) on the issue of attorney's fees, and an Order reassessing fees was entered. Simultaneously, the Magistrate was asked to enter injunctive relief based on the Plaintiffs' claim that the McLennan County jail was not providing access to the courts in compliance with the Fifth Circuit's opinion. This Magistrate Boyd declined to determine, believing he did not have jurisdiction absent a newly executed consent decree. This Court agreed and accepted jurisdiction.

### Access to the Courts

■ The Fifth Circuit noted that constitutional access to the courts could be afforded by providing a library, as set forth in *Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1976) c.f. footnote 4, or by providing legal assistance, or by a combination of the two. *Morrow* at 623. The criticism that court had with the procedures employed in the McLennan County jail was that the paralegals employed to supplement the bookmobile program were law students who were not allowed to give legal advice. That shortcoming no longer exists. This Court specifically finds that the paralegals working in the jail are now certified to practice law by the State Bar of Texas.

Plaintiffs complain that the law books available upon request from the bookmobile librarian should be on the bookmobile when it makes its weekly rounds of the jail; that the County presently has only one paralegal at a time, when it previously had two; and that sufficient carbon paper was not provided prisoners desiring it. (A list of law books which can be requested from the Bookmobile is found in Appendix A.)

■ Ten residents of the jail testified to a problem in gaining access to the courts for one reason or the other. None had a credible need for access for constitutional deprivations; most desired to double-check their court-appointed attorneys. As the Fifth Circuit stated in *Morrow,* referring to *Bounds:*

> "Apparently, the right is not extended to all legal filings, but applies only to presentation of constitutional claims, such as civil rights complaints and state and federal habeas petitions."

*Morrow* at 623.

■ While it is true that the average population of the jail has increased from about 160 in 1982 to almost 300 in 1986, the number of inmates who are detained long enough to have *Bounds* rights may be considered. *Smith v. McCotter,* 786 F.2d 697 (5th Cir.1986). The uncontroverted evidence was that 82% of the detainees were in jail for 15 days or less. More importantly, Ann Mulligan, the immediate past paralegal and Gary Wright, the present paralegal, testified that in an approximate six month time span they had perhaps 6 and 2, respectively, presentations of questions concerning legitimate civil rights complaints or habeas corpus applications. Most of the paralegal's time was used acting as an ombudsman or in answering questions the inmates' attorneys should have answered.

While it seems to be true that court-appointed attorneys often seem to neglect their clients, at least from the inmate's view, that problem is not a part of this lawsuit and has little bearing on access to the Courts; or would be better addressed by assuring better representation by attorneys, rather than more self-representation or hybrid-representation.

Plaintiffs urge that the access issue would be improved by the following:

1) Placing the available law books on the Bookmobile or posting a list of all law books available from the Bookmobile;

2) Posting a notice that carbon paper, stamps, writing materials and Xerox copies, in reasonable amounts, will be made available to inmates with no funds in their accounts; and

3) Posting all notices in Spanish and in English.

■ While the Court agrees that these procedures would improve access to the Courts, the following facts are also deemed important:

1) This case deals with a medium-sized county jail, and not a state prison, as does *Bounds,* and *Gomez v. Meyers,* 627 F.Supp. 183 (E.D.Tex.1985), or a large county jail as does *Cruz v. Hauck,* 627 F.2d 710 (5th Cir.1980);

2) Less than one inmate per month is likely to be entitled to the right of access to the courts;

3) Economic factors may be considered in choosing methods of providing meaningful access, so long as such consideration does not result in total denial. *Bounds* at 825. It goes without saying that the acquisition and upkeep of a total library would be a tremendous and unnecessary taxpayer expense.

■ McLennan County is not required by the Constitution to provide perfect access to the courts for every prisoner; such would be impossible in any event. The county is required by appellate precedent and the law of this case to provide reasonable access to the Courts. By having its paralegals certified to give legal advice and by continuing its bookmobile program, the county is providing more than reasonable access for the less than one inmate per month having a legitimate need.

The Court finds that McLennan County is providing reasonable access to the courts and that it will employ the same procedures for inmates at the new minimum security jail when it is completed.

### Attorney's Fees

In its opinion of August 2, 1985, the Fifth Circuit stated:

"... we affirm the magistrate's decision that an award of attorney's fees is appropriate, but we vacate the award and remand for reassessment of its amount in light of our ruling."

*Morrow* at 629.

On November 14, 1985 the magistrate presided over a hearing concerning attorney's fees, and afterwards entered his findings and an order awarding $47,950.00 in fees for trial and $8,762.50 in fees for the appeal.

Defendants now complain that the magistrate lacked jurisdiction to reassess attorney's fees, there being no new consent form executed after the appeal; that the magistrate's findings and order should be considered a recommendation to this Court; and that the amount of fees should be substantially reduced.

The Defendants rely on *Parks v. Collins,* 761 F.2d 1101 (5th Cir.1985) for the proposition that consent to trial of an original action does not constitute consent before the magistrate with respect to post-judgment action. The facts of *Parks* are dissimilar. There the parties consented to the magistrate's jurisdiction, and after judgment was entered, another suit, a Suggestion of Writ of Garnishment was filed. The district judge then entered a default judgment, and a motion to set aside was determined by the magistrate. The Court held that this was a separate suit in which a dispositive motion could not be determined by the magistrate.

It is true that consent to the magistrate's jurisdiction "must be explicit and cannot be inferred from the conduct of the parties." *Archie v. Christian,* 768 F.2d 726 (5th Cir. 1985). It is also true that the parties consented to "have a United States Magistrate conduct any and all further proceedings in the case (including the trial) and order the entry of judgment." Defendants urge that this consent, and therefore the magistrate's jurisdiction, ended in March 1984 when the magistrate entered his order.

■ Defendants made this same argument when they sought, after the Fifth Circuit's decision, to remove this case from the docket of the Magistrate who had heard it and have it transferred to this Court. At that time, this Court held that judicial economy would dictate that the original trier of fact should reassess attorney's fees, and that extraordinary circumstances justifying withdrawal of consent

were not present. *Fellman v. Fireman's Fund Insurance Co.*, 735 F.2d 55 (2nd Cir.1984). The Court remains of the same opinion. Upon proper consent, a magistrate has jurisdiction to order entry of judgment. Common sense urges that that power includes jurisdiction to reassess factual findings and order the entry of another judgment when directed to by the appellate court.[1] Accordingly, it is

ORDERED that Defendant's Motion to Reduce Attorney's Fees is likewise DENIED.

*Appendix A*

United States Supreme Court Digest

Stayton Texas Forms

West's Texas Forms

Vernon's Texas Constitution and Civil Statutes

Vernon's Texas Penal Code

Vernon's Texas Code of Criminal Peocedure

Vernon's Texas Codes Annotated

U.S.C.A.

Supreme Court Reporter

Uniform Law Annotated

West's Federal Practice Manual & Federal Digest

U.S. Code Congressional and Administrative News

Black's Law Dictionary

Criminal Defense Practice Materials (State Bar of Texas)

Texas Practice, Volume 7 and 8, Criminal Forms Annotated

Texas Lawyer's Criminal Digest

Texas Lawyer's Civil Digest

Texas Family Practice Manual

Federal Rules of Criminal Procedure, Evidence and Appellate Procedure

Texas Penal Code

Texas Code of Criminal Procedures

Federal 2nd

Federal Supplement

Southwestern Reporter 2nd (in advance sheet form)

---

1. The Court notes that Defendant's argument that the magistrate's jurisdiction ended in March 1984 when "his order" was entered is flawed for an additional reason. The record reflects that there has been no post-remand judgment entered in this case. As to those matters considered by this Court, that will presently be remedied. As for the declaratory relief directed by the magistrate, his thorough and well-written orders will stand.