940 F.2d 666
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Julius J. NASH, Plaintiff-Appellant,
v.
Ralph J. LARSON, et al., Defendants-Appellees.
 No. 90-1951.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 6, 1991.*
Decided Aug. 13, 1991.
 
 Before WOOD, Jr., EASTERBROOK and KANNE, Circuit Judges.
 
 Order
 
 1
 Julius J. Nash, an inmate incarcerated at the Green Bay Correctional Institution in Wisconsin, brought this action under 42 U.S.C. Sec. 1983 against numerous current and former employees of Wisconsin's Department of Health and Social Services. Nash alleges that the defendants denied him medical care and conspired to falsify his medical reports, in violation of the eighth amendment. The magistrate judge, acting with the consent of the parties pursuant to 28 U.S.C. Sec. 636(c), entered summary judgment for the defendants.
 
 
 2
 We affirm the judgment because there is no material dispute in the record about the defendants' mental state. Unless they were deliberately indifferent to Nash's serious medical needs, the defendants are entitled to judgment as a matter of law. Estelle v. Gamble, 429 U.S. 97, 105 (1975). Judge Bittner's opinion convincingly shows that there is no such dispute.
 
 
 3
 We reject Nash's argument that he withdrew consent to the entry of final judgment by a magistrate judge. After consenting under Sec. 636(c), neither party has the unilateral power to require a district judge to decide the case. A party may be able to show good cause why the district judge should withdraw the reference, see Sec. 636(c)(6), but Nash has not demonstrated cause of any kind. See also Carter v. Sea Land Services, Inc., 816 F.2d 1018, 1021 (5th Cir.1987); Fellman v. Fireman's Fund Insurance Co., 735 F.2d 55, 58 (2d Cir.1984).
 
 
 4
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App. P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record