Ngambo v. Soc. Sec. Admin.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of May, two thousand twenty-five.

PRESENT:
> MYRNA PÉREZ,
> ALISON J. NATHAN,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

Jules Ngambo,

> *Plaintiff-Appellant,*

> v.                                                         24-2715

Social Security Administration,

> *Defendant-Appellee.*

_____

FOR PLAINTIFF-APPELLANT:          Jules Ngambo, pro se, Garnerville, NY.

FOR DEFENDANT-APPELLEE:          Brandon H. Cowart, Christopher Connolly, Assistant United States Attorneys, *for* Matthew Podolsky, Acting United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Krause, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Jules Ngambo, representing himself, appeals from the dismissal of his amended complaint for lack of subject matter jurisdiction and failure to state a claim. Ngambo commenced this action against the Social Security Administration ("SSA"), alleging that it took his Certificate of Naturalization without due process or just compensation, in violation of the Fifth Amendment. Ngambo consented to proceed before a magistrate judge. Upon the SSA's

2

motion, a magistrate judge (i) dismissed the due process claim for lack of subject matter jurisdiction, reasoning that the SSA had sovereign immunity barring that claim, and (ii) dismissed Ngambo's Takings Clause claim for failure to state a claim. *See Ngambo v. Soc. Sec. Admin.*, No. 23-cv-963, 2024 WL 4203262 (S.D.N.Y. Sept. 16, 2024). The magistrate judge also denied Ngambo's motions to disqualify and to withdraw consent to proceed before a magistrate judge. *Id.* at *9–11.

We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, which we recount only as necessary to explain our decision to affirm.

## I.    Dismissal for Lack of Subject Matter Jurisdiction

"In reviewing a district court's dismissal of a complaint for lack of subject matter jurisdiction, we review factual findings for clear error and legal conclusions *de novo*." *Maloney v. Soc. Sec. Admin.*, 517 F.3d 70, 74 (2d Cir. 2008) (per curiam). The magistrate judge properly dismissed Ngambo's due process claim for lack of subject matter jurisdiction.

"It is, of course, 'axiomatic' under the principle of sovereign immunity 'that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.'" *Adeleke v. United States*, 355 F.3d 144, 150 (2d Cir. 2004) (quoting *United States v. Mitchell*, 463 U.S. 206, 212 (1983)). "Moreover, waivers of sovereign immunity must be 'unequivocally expressed' in statutory text, and cannot simply be implied." *Id.* (quoting *United States v. Nordic Vill. Inc.*, 503 U.S. 30, 33 (1992)). "The shield of sovereign immunity protects not only the United States but also its agencies and officers when the latter act in their official capacities." *Dotson v. Griesa*, 398 F.3d 156, 177 (2d Cir. 2005).

The Little Tucker Act, 28 U.S.C. § 1346(a)(2), waives the sovereign immunity of the United States for a limited class of claims. *See United States v. Bormes*, 568 U.S. 6, 10 (2012). Pursuant to the Act,

> district courts shall have original jurisdiction, concurrent with the Court of Federal Claims, of: . . . [a]ny . . . civil action[s] or claim[s] against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

4

28 U.S.C. § 1346(a)(2).

However, we have concluded that a plaintiff may not recover damages from the United States under the Tucker Act for alleged violations of due process because "the due process clause of the Fifth Amendment [does not] specifically afford[] compensation by the United States government for violations thereof." *Duarte v. United States*, 532 F.2d 850, 852 (2d Cir. 1976) (determining "that the appellant may not recover damages from the United States under the Tucker Act on the claim that the procedures by which he surrendered his Merchant Mariner's Document violated the requirements of due process.").

Ngambo argues that the district court had subject matter jurisdiction because the SSA was an independent agency that could "sue and be sued." However, "[w]hen Congress authorizes one of its agencies to be sued eo nomine, it does so in explicit language, or impliedly because the agency is the offspring of such a suable entity." *Blackmar v. Guerre*, 342 U.S. 512, 515 (1952). Congress's limited waiver of sovereign immunity for challenging SSA eligibility and benefits decisions does not authorize damages claims against the SSA. *See* 42 U.S.C. § 405(g).

## II. Takings Clause Claim

As an initial matter, the magistrate judge properly concluded that the district court had subject matter jurisdiction under the Little Tucker Act to consider Ngambo's Takings Clause claim. *See Maine Cmty. Health Options v. United States*, 590 U.S. 296, 323 n.12 (2020). The magistrate judge was also correct that Ngambo failed to state a Takings Clause claim.

We review "*de novo* a district court's dismissal of a complaint pursuant to [Federal Rule of Civil Procedure] 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).

The Takings Clause states that "private property [shall not] be taken for public use without just compensation." U.S. Const. amend. V. "[T]he Takings Clause presupposes that the government has acted in pursuit of a valid public purpose." *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 543 (2005). "Conversely, if a government action is found to be impermissible—for instance because it fails to meet the 'public use' requirement or is so arbitrary as to violate due process—

6

that is the end of the inquiry. No amount of compensation can authorize such action." *Id.* Here, Ngambo's allegations, liberally construed and drawing all reasonable inferences in his favor, suggest that the SSA lost his certificate of naturalization, not that his certificate was taken intentionally or taken "for public use."

### III. Disqualification and Withdrawal of Consent

We review the denial of a recusal motion for abuse of discretion. *See LoCascio v. United States*, 473 F.3d 493, 495 (2d Cir. 2007). In his reply brief, Ngambo concedes that the magistrate judge did not abuse his discretion by denying the motion to disqualify.

Finally, to the extent that Ngambo challenges the denial of his motion to withdraw consent to proceed before a magistrate judge, Ngambo did not identify extraordinary circumstances that would warrant withdrawing the reference to the magistrate judge. *See* 28 U.S.C. § 636(c)(4); *Fellman v. Fireman's Fund Ins. Co.*, 735 F.2d 55, 58 (2d Cir. 1984).

7

We have considered Ngambo's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court