[Civ. No. 10391.  Second Appellate District, Division One.—November 13, 1935.]

SOUTHWEST SULPHUR COMPANY (a Corporation), Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

George L. Hampton for Petitioner.

Everett W. Mattoon, County Counsel, Douglas De Coster, Chief Deputy County Counsel, and Henry Ramey for Respondents.

YORK, J.—This matter comes before us on a petition for a writ prohibiting the trial court from proceeding to try a case anew after a motion for a new trial had been granted.

The record in this case was in a very chaotic state until the hearing before this court on October 8, 1935, at which

time the attorney for petitioner stipulated that the facts set forth in the answer to the petition for the writ of prohibition were true.

The original action herein was one to quiet title, and after trial thereon was had, respondent judge announced his decision and ordered judgment for the plaintiff (petitioner here) ; proposed findings were prepared and presented by plaintiff, objections thereto were presented by defendant Ramey and hearings were had thereon, at which time respondent judge directed that specified changes be made in said findings and at which time he also directed plaintiff's attorney Hampton and the defendant Ramey to agree upon as many findings as possible, and then present the matter to him for settlement as to any findings upon which they were unable to agree, said respondent judge agreeing that he would not settle or sign said findings unless the objections of defendant to the proposed findings had been removed, or until a hearing was had thereon. In his objections and proposed amendments, said Ramey had asked for findings diametrically opposed to the findings contained in a certain paragraph of the findings as proposed by plaintiff, and respondent judge directed that a finding be substituted for that particular paragraph as would be in substantial accord with the findings proposed by Ramey in his objections.

On or about June 18, 1934, findings were presented to respondent judge, and believing and having been given to understand that the paragraph in controversy had been changed, as directed, he signed said findings and the judgment *ex parte* and thereafter, on June 21, 1934, the said judgment was entered. Upon being advised that the findings had not been changed as he had directed, the respondent judge ordered a hearing, and on June 28, 1934, said Hampton and said Ramey appeared before him, and he thereupon, after hearing, made a minute order vacating and setting aside the judgment and findings theretofore entered on the 21st day of June, 1934. On April 9, 1935, an order was made vacating said minute order of June 28, 1934, and "findings are ordered for the plaintiff in this action as of this date".

Thereafter, to wit, on the 20th day of April, 1935, defendant Ramey served upon plaintiff in said action and filed with the clerk of the court a notice of motion to move for new trial, and on the same date, the defendant served upon plain-

tiff and filed with the clerk of the court a notice of motion to vacate the judgment and enter a new judgment on behalf of said defendant. These notices were presented to the court on the 9th day of May, 1935, over the objection of plaintiff that the court was without jurisdiction to hear said motions because said notices of motion had not been filed within the time required by law. Respondent court proceeded to hear said motions and granted defendant Ramey's motion for a new trial, denied his motion to vacate the judgment, and set said cause for trial. The minute order of said day, to wit, May 9, 1935, is in words and figures as follows:

"Motion to vacate judgment and motion for new trial comes on regularly at 3 P. M. for hearing. The Court being of the opinion that the findings and judgment entered June 18, 1934 were inadvertently signed and that the court's action in setting aside said findings and judgment on June 24, 1934 were proper. The court now denies challenge of the court's jurisdiction to hear the motion of defendant Ramey to vacate judgment under section 663 Code Civ. Proc. and said defendant's motion for a new trial, and the motion of the defendant J. D. Bauer for a new trial. Defendant Ramey's motion for a new trial granted, and motion to vacate judgment is denied. Defendant J. D. Bauer's motion for a new trial denied. Date of the new trial is set for May 31, 1935 at 3 P. M."

The question presented is as to the jurisdiction of respondent court and the power of respondent judge to make the order vacating and setting aside said findings and judgment.

Petitioner's attorney Hampton was an officer of the plaintiff corporation, and it appears from the record that as such he was directly responsible for the court's action in signing the findings and judgment which were presented to the trial judge on June 18, 1934, which findings were drawn contrary to the directions which had been given by the trial judge. Both parties were present at the hearing of June 28, 1934, at which time the findings and judgment theretofore entered were vacated and set aside, and we therefore will assume that that order was valid, in the absence of any showing that petitioner made any objection during that proceeding.

At the hearing before this court on October 8, 1935, petitioner stipulated that "the facts set forth in the answer to the petition for writ of prohibition are true".

There is an allegation in said answer to the following effect: "At plaintiff's instance said cause was reopened and set for trial and the taking of further evidence, and for settlement of findings, on December 6, 1934, at which time no additional evidence was received but said findings were discussed and argued by counsel; and thereafter said matter was set for settlement of findings on January 8, 1935; that various continuances were had and various conferences held and attempts made to agree upon said findings, and said Hampton, on the 23rd day of March, 1935, had the matter of the settlement of the findings in said matter set down for hearing on the first day of April, 1935, and notified said Ramey thereof by letter; that said Ramey had theretofore presented to respondent judge his objections and proposed amendments to said findings, together with said defendant's proposed pages . . . which he asked be substituted for pages . . . proposed by plaintiff; . . . "

The answer further alleged that "during said hearings aforesaid and at such of said conferences as were held in the presence of respondent judge, he had expressed to counsel his belief that the entire matter might better be disposed of upon motion for a new trial, and had indicated his preference for such disposition of the matter; that on, to-wit, April 1, 1935, respondent judge directed that pages . . . prepared and proposed by said Hampton, be substituted for page . . . of said findings as contained in the files, and sent counsel into his chambers to make the substitution. Counsel decided that the Clerk of the Court should make the substitution because said findings and other papers were permanently fastened into the judgment roll in said action, and upon entering the court room said Ramey stated he thought respondent judge did not fully understand the contents of the pages prepared by said Hampton, and again called attention thereto, and particularly to the inclusion in said proposed findings of the finding concerning the clouding of plaintiff's title, which . . . respondent judge had directed should be excluded. Whereupon respondent judge . . . stated in substance 'if you gentlemen will not agree, I will re-sign these findings as they are and will hear you further on a motion for new trial', and thereupon said Respondent re-dated said findings and judgment April 1, 1935, and handed the file to the Clerk. Thereafter and on, to-wit, April 9, 1935, to evidence the action of respondent judge and

accomplish his purpose to settle and sign new and modified findings and a new judgment, on, to-wit, April 9, 1935, he made an order *ex parte* vacating said minute order of June 28, 1934, and ordered judgment and findings for plaintiff as of said April 9, 1935. Said procedure by said respondent was intended to and did require service of notice of entry of judgment, and on, to-wit, April 10, 1935, notice thereof was filed by said Hampton and a copy of said notice was mailed to said defendant Ramey on, to-wit, April 10, 1935, and was received by said Ramey thereafter . . . April 11, 1935; that thereafter on . . . 20th day of April, 1935, notice of intention to move for a new trial and notice of intention to move to vacate the judgment, and the affidavit of defendant Ramey in support of his said motion for a new trial, were served upon said Hampton and filed with the clerk of the court. . . .

''Some of the proceedings and many of the occurrences and statements at said conferences and upon said hearings for settlements of said findings not being ascertainable from the records and files in said action, and upon said hearing respondent judge and said Hampton and said Ramey each stated his recollection of the facts and circumstances and occurrences at said hearings and during said conferences, and the circumstances under which said findings and judgment had been signed on the 18th day of June, 1934, and the circumstances and occurrences under which the judgment and findings had been set aside on June 28, 1934, and respondent judge, finding his recollection and statement of facts and circumstances substantially in accord with the recollection and statement of the defendant Ramey, directed said Ramey to prepare and file for the record an affidavit setting forth said facts and circumstances; that said Ramey thereafter and on, to-wit, the 13th day of May, 1935, made and filed his affidavit in said action setting forth said facts and circumstances, and stating also that said Ramey's daybook and docket contain entries made at the time which are in exact accord with said Ramey's recollection of said facts, as stated in said affidavit; that the minute order of May 9, 1935, . . . correctly shows the order of respondent judge refusing to sustain the challenge of said Hampton to said respondent's rulings upon said motions.''

The notice of entry of judgment was served and filed by Hampton and notice of intention to move for a new trial was served and filed by Ramey, and thereafter, to wit, on May 9, 1935, after time for proceedings by motion or appeal by

Ramey had expired, and when it became apparent that a new trial would be granted, Hampton for the first time raised the question as to the court's action of June 28, 1934.

In view of the various facts and circumstances hereinbefore outlined, especially of the facts stipulated to by petitioner in this court, we are of the opinion that the order of the court of May 9, 1935, refusing to vacate the judgment and granting a new trial was fully justified.

The alternative writ hereinbefore granted is discharged.

Houser, P. J., and Doran, J., concurred.