[Civ. No. 6082. Third Appellate District.—March 3, 1939.]

CABBLE C. MARTIN, Respondent, v. POSTAL UNION LIFE INSURANCE COMPANY (a Corporation), Appellant.

Daniel Rygel for Appellant.

L. Dewitt Sparks for Respondent.

TUTTLE, J.—This action was brought to recover on a policy of insurance against loss of time, due to a personal accident to the assured. The case was tried before the court sitting without a jury, and judgment was rendered against the defendant insurance company in the sum of $600. The appeal is prosecuted from the judgment.

This is a second action against defendant by the plaintiff; the judgment in the first action was appealed from to the District Court of Appeal, Third District, and numbered ''3 Civil No. 5416'', which said judgment was modified by the said Appellate Court, by a remission and reduction of the amount of the judgment rendered, from the sum of $839.84 to $473; this present action is for a claim of con-

tinuing total disability from the 10th day of March, 1934, to and including the 10th day of March, 1935, on the same policy of insurance sued on in the above referred to action.

The complaint sets forth the execution of the policy, a copy of which is annexed thereto. It alleges that plaintiff suffered an accident on the 16th day of September, 1933, while operating an automobile, and received a severe blow upon his body and a displacement of a vertebra in his spine; that as a result of his injuries plaintiff was totally disabled from March 10, 1934, to March 10, 1935; that under the provisions of said policy there is due plaintiff the sum of $1200, being payments for total disability at the rate of $100 per month. The trial court found that all of the allegations of the complaint were true, except as to the period of disability, and with respect to such period the court found that plaintiff was disabled, under the terms of said policy, from the 10th day of March, 1934, to the 10th day of September, 1934, and that plaintiff was entitled to recover the sum of $600, which is indemnity at the rate of $100 per month, as provided in said policy.

█ The chief contention made by appellant is that the evidence was insufficient to support the finding of the trial court to the effect that plaintiff was totally disabled for a period of six months. The only portion of the insurance policy which is pertinent on this point is the paragraph which defines "total disability". This paragraph is as follows:

"Total and Partial Disability Defined. Disability, under the terms of this policy, shall not be considered total unless the insured is so disabled by 'such injury' or 'such illness' that he is wholly prevented from performing each and every duty pertaining to his occupation and from attending to any business or any occupation whatsoever. Partial disability shall be such disability as causes partial loss of time and continuously prevents the insured from performing one or more important duties of his occupation."

It appears from the evidence that for some time prior to the accident plaintiff was engaged in the occupation of carman for Pacific Fruit Express Company. There is, however, nothing in the record to indicate the nature of the duties of a carman, and whether or not such duties require any physical exertion upon the part of the party who performs them. Plaintiff testified that the last work performed in

the capacity mentioned was in the latter part of 1932, or the early part of 1933; that the last occupation in which he was engaged was that of insurance agent for Farmers Automobile and Insurance Exchange; that from March 10, 1934, to March 10, 1935, he engaged in the latter occupation and solicited business for said insurance exchange; and that he commenced solicitation of said business for said company in the month of June, 1934. Following is a tabulation of the number of policies written each month thereafter during the period for which total disability is claimed: August, five policies; September, twelve policies; October, six policies; November, fifteen policies; December, ten policies; January, 1935, fourteen policies; February, sixteen policies; March, seven policies. The total remuneration received by plaintiff as commissions on said policies started with $24 for the month of June, 1934, and during the remainder of said period was in varying amounts, with an average of about $70 for each of the months from June, 1934, up to and including March, 1935.

It will be noted that the terms of the insurance policy quoted are exceedingly stringent in effect, in that they provide, in order that one may be considered totally disabled, that he be not only wholly prevented from performing each and every duty pertaining to his occupation, but also "from attending to any business or any occupation whatsoever." "The court regards the policy as one designed to provide a substitute for earnings when the insured is deprived of capacity to earn by bodily injury or disease. He must be prevented from performing work and conducting business for compensation or profit." (*Maresh* v. *Peoria L. Ins. Co.,* 133 Kan. 191 [299 Pac. 934].) If, therefore, the evidence shows beyond controversy and dispute that during said twelve months' period, or any portion thereof, the plaintiff attended to any business or occupation whatsoever, he is not entitled to recover during that period. We are of the opinion that the record shows that plaintiff was only entitled to recover for a period of three months, and that there is sufficient evidence in the record to justify a finding to the effect that during the three month period ending June 10, 1934, plaintiff was totally disabled under the definition of "totally disabled" set forth in said policy. He testified that he did no soliciting of insurance whatever during that period

of time. It is true that there is some evidence to the effect that he received a small commission of $2.93 on a policy of fire insurance written for another company, but there is nothing in the record to indicate that he performed or did any of the work connected with the solicitation of the business from which said commission accrued.

The contention of the respondent is to the effect that the amount of work performed by plaintiff during said twelve months' period and the remuneration received by him "is in such small amount as to be so nominal and trivial as to not rebut respondent's contention that he was totally and continuously disabled". We are unable to view the matter in that light. Not only did plaintiff receive substantial remuneration for most of the twelve months' period referred to, but he also acted as district manager for said Farmers Interinsurance Exchange, commencing with the month of June, 1934, and during that month, and to and including March 10, 1935, he testified that he had charge of not less than six agents who were working under his direction and control. The fact that the assured received little or no remuneration for the work done is not the controlling factor. The question is: Did he actually, and in a substantial manner, perform the duties of any occupation or business? The answer must obviously be in the affirmative.

While it thus clearly appears that during nine of the twelve months for which total disability is claimed, plaintiff was not totally disabled, and that the evidence would only support a finding of disability for the first three months of said period, this does not necessitate a reversal of the case. This court has the power, under the provisions of section 956a of the Code of Civil Procedure, to modify the findings with respect to those facts discussed above.

It is next contended that plaintiff cannot prevail, for the reason that he did not furnish claim or notice of proof of loss ninety days after the termination of total disability, as provided in the policy. With respect to this issue the trial court found "that the notice of loss and proof of loss specified by the provisions of said policy were waived by defendant". We are of the opinion that there is sufficient evidence in the record to support this finding. It is alleged in the answer, "that defendant has been informed since the above cause of action has been filed that the only sum that plaintiff

is entitled to under the terms of the said policy is the sum of $100.00 for one month, beginning from March 10, 1934, to and including April 10, 1934, . . . and this defendant herewith continues to offer to the said plaintiff the sum of $100.00 as and for payment to the said plaintiff of the balance due him for total disability under the terms of the said policy of insurance". The position taken by defendant at the trial was in accordance with the above allegations set forth in its answer.

In 1 C. J., page 478, the rule in respect to waiver of notice of proof of loss is thus stated: "Very slight circumstances are sufficient to establish a waiver of the condition. So there is a waiver, where the insurer . . . tenders a sum claimed to be all that is due under the policy". The chief purpose of the requirement that a proof of loss be furnished is to enable the insurer to make a proper and adequate investigation of the facts upon which the claim for indemnity is based. Here, however, the insured, without having received such notice of loss and proof of loss, proceeded to offer to pay the sum of $100 to cover a period of total disability for one month under the terms of the policy. It is not reasonable to suppose that this offer would have been made if the insurer had not, prior to that time, made such an investigation as would seem proper to do under the circumstances. For this reason we are of the opinion that defendant would be estopped from questioning the failure of the insured to furnish such notice.

It is therefore ordered that the findings of fact and conclusions of law be amended as follows:

At the end of paragraph II of such findings strike out the words "10th day of September, 1934", and substitute in place thereof the words "10th day of June, 1934".

In the last paragraph thereof, under the heading "Conclusions of Law", strike out the words "September 10, 1934", and insert in lieu thereof the words "June 10th, 1934".

Strike out the words "Six Hundred and No/100 Dollars, ($600.00)", and insert in lieu thereof the words "Three Hundred and No/100 Dollars, ($300.00)".

It is further ordered that the judgment in said action be amended to conform to said amended findings by striking out the words "Six Hundred and No/100 Dollars ($600.00)",

and inserting in lieu thereof the words ''Three Hundred and No/100 Dollars ($300.00)''.

As so modified it is ordered that the judgment be affirmed, and that respondent recover his costs.

Pullen, P. J., and Thompson, J., concurred.