## JONES v. FIDELITY & GUARANTY INS. CORP.

No. 3037.

Court of Civil Appeals of Texas. Waco.

June 19, 1952.

Rehearing Denied July 10, 1952.

Burford, Ryburn, Hincks & Ford, Dallas, Roe, Ralston & McWilliams, Corsicana, for appellant.

Blakeley & Blakeley, John F. Harrison, Dallas, for appellee.

HALE, Justice.

Appellant sued appellee to recover on a Texas standard fire insurance policy. The case was tried without a jury and resulted in judgment that appellant take nothing.

A correct disposition of the appeal turns upon whether or not an act of arson committed by appellant's former husband rendered the policy void. If so, the judgment appealed from should be affirmed; if not, the judgment should be reversed and here rendered in favor of appellant for the sum of $750.

The policy sued upon was issued by appellee on March 1, 1948. By the terms thereof appellee agreed, in consideration of the stipulations, conditions and premiums therein provided, to insure "Edward and Annie Mae Jones" for a period of three years from that date against loss resulting from the perils of fire to the amount of $1500.00 on a one story building situated in Corsicana, Texas, being occupied by the insured as a dwelling. One of the conditions in the policy was as follows: "This entire policy shall be void * * * in case of any fraud or false swearing by the insured relating thereto." The policy also provided that appellee "shall not be liable for loss by fire * * * caused directly or indirectly" by the neglect of the insured to use all reasonable means to save and preserve the property at and after a loss. Edward and Annie Mae Jones were husband and wife at the time the policy was issued and the insured building was their community property. Thereafter, Annie Mae moved from Corsicana to Dallas where, on November 18, 1948, she was granted a divorce from her husband but the divorce decree made no disposition of the community property of the parties. After the divorce had been granted, and while the policy as originally issued was in force, Edward Jones feloniously burned the insured building but Annie Mae Jones had no connection with or guilty knowledge of such unlawful conduct. Under the facts thus shown by the record, did the act of arson on the part of appellant's former husband render the entire policy void? Appellant says "no" and appellee says "yes", although neither has cited any Texas case on the point at issue and both say they have found none.

Fraudulent losses are generally excepted from the coverage of fire insurance contracts upon grounds of public policy

and morals. Accordingly, the voluntary and intentional burning of insured property by the insured does not ordinarily give rise to a cause of action for the recovery of loss resulting from the fire, even though such loss is not expressly excepted from the coverage of the policy. 29 Am.Jur. p. 777, § 1028 and authorities; 45 C.J.S., Insurance § 822(a) p. 870, and authorities. Appellant concedes in effect that the fraudulent act of her former husband in setting fire to the insured building prevents him from any right of recovery for the loss resulting from the fire but she says his wrongful conduct should not be imputed to her so as to deprive her from recovering for one-half of the loss resulting therefrom because at the time when the loss was sustained she was not his wife and since the divorce decree did not make any disposition of the insured property she and her former husband owned the same as tenants in common at the time when the fire occurred. In support of her contentions she cites the holding in the following cases: Hoyt v. New Hampshire Fire Ins. Co., 92 N.H. 242, 29 A.2d 121, 148 A.L.R. 484; Pratt v. Hanover Fire Ins. Co., 50 R.I. 203, 146 A. 763; Fidelity-Phenix Fire Ins. Co. v. Queen City Bus & Transfer Co., 4 Cir., 3 F.2d 784; Merchants Ins. Co. v. Lilgeomont, 5 Cir., 84 F.2d 685. As we understand these cases, a pro tanto recovery was allowed to the innocent party insured in each case notwithstanding the incendiarism of a co-insured because the court was of the opinion that the rights and obligations of the persons insured were not joint but were several and divisible rights and obligations under proper rules of construction applicable to the policies therein sued upon.

In the case now before us, however, we think it is quite clear from the terms of the policy here sued upon that the contingent right of Edward and Annie Mae Jones, or either of them, to recover anything on account of loss resulting from fire was a joint right which inured to the mutual benefit of both and that the contractual obligation of each to use all reasonable means to save and preserve the insured property at and after a loss was a joint obligation of both to appellee. If such was

not the clearly expressed intention of the parties as evidenced by the language used in the policy contract, then the courts in construing the same should look to the situation of the parties as it existed at the time when the contract was made. 10 T.J. p. 290, § 168 and numerous authorities there cited. At that time Edward and Annie Mae Jones, the named insured, were husband and wife, and as such they were occupying the insured building as their homestead. Being husband and wife when they accepted the policy insuring their community property and paid the premium therein provided, each was acting with the other in a joint undertaking for the common benefit of both at the time they entered into the contract of insurance. Neither spouse could have insured any separate interest of either in the insured property at that time because neither had any separate interest therein which could have become the subject of insurance. Under the Constitution and laws of Texas relating to property rights of married persons, any recovery by either or both for the loss of the insured property by fire would have been the community property of both so long as they continued to be husband and wife, regardless of whether the right of action or the amount of the recovery might otherwise be regarded as a joint, several or divisible interest. The fact that they became divorced after the policy had been issued and delivered to them did not alter or change the terms of the contract of insurance or the legal consequences thereof in so far as appellee is concerned. Furthermore, even after appellant was granted a divorce from her husband without any division of their community property, she and her former husband did not cease to be joint owners of the insured property by reason of the changed relationship thereafter existing between themselves as tenants in common. Kirkwood v. Domnan, 80 Tex. 645, 16 S.W. 428; Taylor v. Catalon, 140 Tex. 38, 166 S.W.2d 102.

In 45 C.J.S., Insurance, § 822(a), p. 871, we find the following statement with respect to fire insurance policies covering property owned by two or more persons: "Where the property is jointly owned, or there is a

joint obligation on the part of the owners to save and preserve the property, an innocent owner cannot recover on the policy where a coöwner willfully set the property on fire." In support of this statement the following authorities are cited: Kosior v. Continental Ins. Co., 299 Mass. 601, 13 N.E. 2d 423; Bowers Co. v. London Assur. Corp., 90 Pa.Super. 121; Bellman v. Home Ins. Co., 178 Wis. 349, 189 N.W. 1028, 27 A.L.R. 945. The Kosior case involved fire policies issued to tenants in common who were husband and wife, and the Supreme Court of Massachusetts held the policies were rendered void as to both parties because of the act of the husband in setting fire to the insured building. The Bowers case involved a policy of fire insurance issued to the owner and purchaser under a bailment lease of an automobile "as their interests may appear," and the Bellman case involved a policy issued to a partnership. In each of these cases, as well as in the Kosior case, the courts held that the rights and obligations of the insured were joint rights and obligations under the terms of the policies sued upon and that the fraudulent act of one of the beneficiaries in setting fire to the insured property rendered the entire policy void, even as to innocent beneficiaries. To the same effect is the holding of the Supreme Court of Michigan in the case of Monaghan v. Agricultural Fire Ins. Co., 53 Mich. 238, 18 N.W. 797. In the Bellman case, the Supreme Court of Wisconsin said: "To permit a recovery by either the partnership or the unoffending partner upon a policy of insurance issued to a partnership, insuring partnership property, where one of the partners has willfully fired the insured property, is likewise repugnant to an intuitive sense of justice."

In our opinion, the rules of law announced and applied by the courts of Massachusetts, Pennsylvania, Wisconsin and Michigan in the above cited cases are fundamentally sound and we see no valid reason why such rules should not be given controlling effect in their application to the facts disclosed by the record in this cause. Therefore, we hold that the act of arson on the part of appellant's former husband rendered the entire policy here sued upon void and deprived appellant of any lawful right of recovery herein.

Consequently, the judgment appealed from is affirmed.

LESTER, C. J., took no part in the consideration or disposition of this case.