FEDERAL INSURANCE COMPANY,
Plaintiff,

v.

George WONG and L. E. McCan and
Western Investment Company,
Defendants.

Civ. No. 16135.

United States District Court
S. D. California, Central Division.

Jan. 9, 1956.

Thomas P. Menzies, Los Angeles, Cal., for plaintiff.

Victor O. Geretz, Los Angeles, Cal., for defendants.

TOLIN, District Judge.

On December 27, 1952, a Diesel Tractor and Semi-Dump Trailer which belonged to defendants were destroyed by fire. On June 8, 1953, defendants submitted a formal proof of loss to plaintiff,

an insurance company, which had issued its policy of automobile insurance on said equipment May 8, 1952.

The decisive issues are before the Court on plaintiff's complaint for declaratory relief, the answer thereto, and a counter-claim wherein defendants sued for recovery on the same policy of insurance.

Plaintiff seeks to obtain a judicial declaration that it is not obligated to pay the loss because of many deviations by defendants from the terms made applicable by the policy of insurance.

■■ The most substantial of these contentions are that defendants are barred from recovering under the policy because they wilfully burned the insured property, and that the insured failed to file proof of loss within sixty days after the occurrence of the loss. Under the facts of this case there is nothing to the point that proof of loss was not filed seasonably. Plaintiff insisted that it be filed on a form which plaintiff would provide but that form was not made available to defendants within the sixty-day period. The insured's delay was not prejudicial to plaintiff's rights. Plaintiff was given actual notice within one day of the fire and immediately commenced its investigation. Very slight circumstances are sufficient to establish a waiver with respect to notice of proof of loss[1] and the circumstances in this case were so substantial as to render that particular defense to the action on the policy inappropriate.

■ The charge that defendants and counter-claimants wilfully burned the insured property presents a substantial question. The evidence compels a finding that defendant and counter-claimant L. E. McCan deliberately set the fire with intent to destroy the equipment.

Plaintiff has not successfully connected defendant and counter-claimant George Wong either to causing the fire or as having knowledge of its cause, or as having had an intent to destroy or to defraud, although all of these have been abundantly proved as to defendant and counter-claimant L. E. McCan.

The Court finds that defendant and counter-claimant George Wong did not participate in the wilful destruction of the property.

This brings us to the principal problem in the case. McCan and Wong were joint adventurers in the ownership and use of the truck. Their interests, while unequal, were substantial as to each and the policy of insurance names both as the insured.

Corpus Juris Secundum [2] states:

"Where the property is jointly owned, or there is a joint obligation on the part of the owners to save and preserve the property, an innocent owner cannot recover on the policy where a coowner willfully set the property on fire."

Plaintiff has cited authorities to the same effect.[3]

The policy of insurance binds the company to indemnify if the specific risks therein designated result in loss. The policy in this case insured against

"* * * direct and *accidental loss* of or damage to the automobile caused (A) by fire * * *". (Emphasis supplied.)

■■ To purposely and wilfully destroy a chattel by fire is not to bring about an accidental loss. Defendant and counter-claimant George Wong was not insured against damage flowing from the deliberate tortious action of his joint adventurer.

1. Martin v. Postal Union Life Ins. Co., 31 Cal.App.2d 329, 87 P.2d 897; Reed v. Pacific Indemnity Co., 10 Cal.App.2d 151, 225 P.2d 255.

2. 45 C.J.S., Insurance, § 822 a, p. 871.

3. Jones v. Fidelity & Guaranty Ins. Corp., Tex.Civ.App., 250 S.W.2d 281; Bridges v. Commercial Standard Ins. Co., Tex. Civ.App., 252 S.W.2d 511; Kosior v. Continental Ins. Co., 299 Mass. 601, 13 N.E.2d 423; Bellman v. Home Ins. Co., 178 Wis. 349, 189 N.W. 1028, 27 A.L.R. 945.

Neither defendant is entitled to recover under the policy of insurance described in the complaint.

Plaintiff may submit findings of fact, conclusions of law and judgment.