Betty KULUBIS, Petitioner,

v.

TEXAS FARM BUREAU UNDERWRITERS INSURANCE COMPANY, Respondent.

No. C–4884.

Supreme Court of Texas.

April 9, 1986.

Charles David Crook, Jim Arnold, Jr., Arnold & Associates, Austin, for petitioner.

Jan Soifer, Todd N. Wade, Gaye L. Rothman, Brown, Maroney, Rose, Barber & Dye, Austin, for respondent.

WALLACE, Justice.

This is a suit on a fire insurance policy. Betty Kulubis sued Texas Farm Bureau Underwriters Insurance Company for the proceeds of a policy after her estranged husband intentionally burned the couple's mobile home. The trial court rendered judgment for Texas Farm and the court of appeals, with one justice dissenting, affirmed that judgment. 699 S.W.2d 287. We reverse the judgment of the court of appeals and render judgment for Betty Kulubis.

Betty and John Kulubis were married in 1971. Her parents subsequently gave them a mobile home upon which they purchased a homeowners insurance policy from Texas Farm. Both Betty and John were named insureds in the policy. In 1982, Betty filed suit for divorce. After being served with the divorce citation, John set fire to the mobile home, destroying it and all of the personal property inside. He then unsuccessfully attempted suicide. It is uncontroverted that Betty had no knowledge of nor did she participate in the destruction of the mobile home.

The court of appeals denied recovery to Betty based upon *Jones v. Fidelity & Guaranty Insurance Co.*, 250 S.W.2d 281 (Tex.Civ.App.—Waco 1952, writ ref'd). Betty asks us to reconsider the holding in *Jones* inasmuch as a majority of the states that have addressed the issue have abandoned that rule and now permit recovery under the facts of this case.

The *Jones* decision was based upon a holding that co-insureds under an insurance policy covering jointly owned property acquire joint rights and obligations under the policy. Therefore, the illegal acts of one of the co-insureds prevent recovery by the other co-insured. At the time this court adopted the *Jones* rule it was the traditional rule in the United States. The *Jones* court cited *Monaghan v. Agricultural Fire Insurance Co.*, 53 Mich. 238, 18 N.W. 797 (1884); *Kosior v. Continental Insurance Co.*, 299 Mass. 601, 13 N.E.2d 423 (1938); *Bowers Co. v. London Assurance Corp.*, 90 Pa.Super. 121 (1926); and *Bellman v. Home Insurance Co.*, 178 Wis. 349, 189 N.W. 1028 (1922).

In 1942, the New Hampshire Supreme Court first permitted recovery by a co-insured in Betty Kulubis' position. *Hoyt v. New Hampshire Fire Insurance Co.*, 29 A.2d 121, 92 N.H. 242 (1942). That court reasoned that the proper test to be applied was what a reasonable person would have understood the fire insurance policy to mean. The court then held that an innocent victim of a co-insured's illegal act in destroying the jointly owned property would reasonably expect to be covered by the policy.

Between 1974 and 1985, sixteen other states adopted the test set out in *Hoyt*.[1]

1. *Hosey v. Seibels Bruce Group, South Carolina Insurance Co.*, 363 So.2d 751 (Ala.1978); *Steigler v. Insurance Company of North America*, 384 A.2d 398 (Del.1978); *Auto-Owners Insurance Co. v. Eddinger*, 366 So.2d 123 (Fla.Dist.Ct.App. 1979); *Richards v. Hanover Insurance Co.*, 250 Ga. 613, 299 S.E.2d 561 (1983); *Economy Fire and Casualty Co. v. Warren*, 71 Ill.App.3d 625, 28 Ill.Dec. 194, 390 N.E.2d 361 (1979); *American Economy Insurance Co. v. Liggett*, 426 N.E.2d 136 (Ind.App.1981); *Hildebrand v. Holyoke Mutual Fire Insurance Co.*, 386 A.2d 329 (Me.1978); *St. Paul Fire and Marine Insurance Co. v. Molloy*, 291 Md. 139, 433 A.2d 1135 (1981); *Morgan v. Cincinnati Insurance Co.*, 411 Mich. 267, 307 N.W.2d 53 (1981); *Howell v. Ohio Casualty Insurance Co.*, 130 N.J.Super. 350, 327 A.2d 240 (1974); *Delph v. Potomac Insurance Co.*, 95 N.M. 257, 620 P.2d 1282 (1980); *Winter v. Aetna Casualty and Surety Co.*, 96 Misc.2d 497, 409 N.Y.S.2d 85 (Sup.Ct.1978); *Lovell v. Rowan Mutual Fire Insurance Co.*, 302 N.C. 150, 274 S.E.2d 170 (1981); *Opat v. State Farm Fire and Casualty Insurance Co.*, 542 F.Supp. 1321 (W.D.Pa.1982); *McCracken v. Government Employees Insurance Co.*, 284 S.C. 66, 325 S.E.2d 62 (1985); *Ryan v. MFA Mutual Insurance Co.*, 610 S.W.2d 428 (Tenn.Ct.App.

We note that of the four jurisdictions relied on in *Jones*, two of them have adopted the test in *Hoyt*, and a third, Pennsylvania, has questioned the rule.

We will examine the reasoning supporting the *Jones* decision along with the reasoning of those jurisdictions which have rejected the *Jones* rule to determine if this court will continue to follow *Jones*. As stated above, the basis of *Jones* was that fraudulent losses are generally excepted from coverage of fire insurance contracts upon the grounds of public policy and morals. *Jones* at 281–82. Put another way, public policy dictates that a wrongdoer should not benefit from his wrongdoing. This led the court to hold that a joint owner who illegally destroys property could not benefit from his illegal act and, because his co-owner/co-insured was mutually obligated under the policy, the innocent victim of the illegal destruction was also barred from recovery. *Id.* at 282.

The reasoning adopted by the states that follow the *Hoyt* rule is also based on public policy. In *Morgan v. Cincinnati Insurance Co.*, 411 Mich. 267, 307 N.W.2d 53 (1981), the Michigan Supreme Court, in overruling *Monaghan*, held that public policy requires that an innocent co-insured be permitted to recover based upon the insured's reasonable expectations. The Wisconsin Supreme Court in *Hedtcke v. Sentry Insurance Co.*, 109 Wis.2d 461, 326 N.W.2d 727 (1982), in overruling *Bellman*, also followed the policy of not punishing the innocent victim for the wrongs of another.

Other policy considerations we must consider are: (1) prevention of fraud upon the insurance company; (2) prevention of unjust enrichment by the insurance company; and (3) refusal to impute the criminal acts of the wrongdoer to an innocent victim.

█ We hold the more enlightened reasoning dictates that the illegal destruction of jointly owned property by one co-insured shall not bar recovery under an insurance policy by an innocent co-insured. A trial court is uniquely situated to make the determination of the co-insured's innocence, and, unless there is a finding of lack of innocence, the co-insured shall be permitted to recover.

We hold that this test will best protect the insurance company from fraud while assuring that the insurance company will not be unjustly enriched. It will also permit an innocent victim whose property has been destroyed to collect under an insurance policy for a loss reasonably expected to be covered. This test also avoids the imputation of criminal action to an innocent victim.

Texas courts are faced with an additional problem in this situation because we are a community property state. It is not necessary for us to address that particular problem at this time inasmuch as the mobile home in question was a gift to Betty and John and as such an undivided one-half interest was the separate property of each of them. We are not to be understood as holding that an innocent spouse is barred from recovering under an insurance policy covering community property. We do not have that fact situation before us and therefore do not address the problem of how to compensate the innocent spouse and yet not permit benefit to the wrongdoing spouse. That problem will be addressed when and if it is presented to us.

In this case, Betty Kulubis was the owner of a one-half interest in the mobile home and the personal property which was destroyed by her husband. She is therefore entitled to recover one-half of the stipulated amount of the loss of $21,000 plus prejudgment and post-judgment interest as well as attorney's fees as found by the trial court.

The judgment of the court of appeals is reversed and judgment is rendered for Betty Kulubis.

1980); *Hedtcke v. Sentry Insurance Co.*, 109 Wis.2d 461, 326 N.W.2d 727 (1982).