Guy W. WEBSTER, Plaintiff,

Etta B. Webster, Plaintiff–Appellant,

v.

STATE FARM FIRE AND CASUALTY COMPANY, Defendant–Appellee.

No. 91–2941

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Feb. 12, 1992.

W. Lawrence Gray, Houston, Tex., for Etta Webster.

Warren Royal Taylor, Floyd, Taylor & Riley, Houston, Tex., for State Farm Fire & Cas. Co.

Before JONES, DUHÉ, and WIENER, Circuit Judges.

DUHÉ, Circuit Judge:

This case presents us with an issue of insurance recovery arising from the arson of a couple's home by the husband. Because we find that the principles of *Norman v. State Farm Fire and Casualty Co.*[1] apply, we affirm.

*Facts*

Guy and Etta Webster married in 1950 and purchased the house in question in 1971. State Farm insured the home with "Guy W. and Etta B. Webster" named as co-insureds. In 1986, the couple separated. Guy remained in the home; Etta left Texas.

The next year, the Webster home was destroyed by fire. The parties agree that though the couple was separated, the

1. 804 F.2d 1365 (5th Cir.1986).

house and its contents were community property at the time. The Websters jointly filed a claim with State Farm in June 1987. In July of 1987, Guy filed for divorce. In January 1988, State Farm denied the Websters' claim.

The Websters' divorce became final in June of 1988. The divorce decree awarded Guy and Etta each, as their sole and separate property, a "one-half undivided interest" in the realty where the house had been located "and/or one-half the net insurance proceeds, if any, resulting from the total loss of [the home] in a fire occurring on or about 4/4/87."

Almost one year following their divorce, the Websters sued State Farm for breach of contract. State Farm contended that it was relieved from its duties because Guy had committed arson. Etta moved for summary judgment, claiming that she was entitled to recover her half of the proceeds whether or not Guy was responsible for the fire. State Farm also moved for summary judgment. The court denied Etta's motion and granted partial summary judgment in favor of State Farm. In its ruling, the court followed Fifth Circuit precedent that bars an innocent spouse from recovering fire insurance proceeds when her husband set the fire that destroyed community property. On appeal Etta argues that because her share of the property is now separate, by virtue of the divorce, she is entitled to one half of the insurance proceeds.

*Analysis*

For years, Texas law prohibited co-insureds from recovering insurance proceeds when one of the co-insureds deliberately destroyed jointly owned property. *See, e.g., Jones v. Fidelity & Guaranty Ins. Corp.*, 250 S.W.2d 281, 283 (Tex.Civ.App. 1952, writ ref'd). In 1986, the Texas Supreme Court partially abandoned this rule, holding that "the illegal destruction of jointly owned property by one co-insured shall not bar recovery under an insurance policy by an innocent co-insured." *Kulubis*

*v. Texas Farm Bureau Underwriters Ins. Co.*, 706 S.W.2d 953, 955 (Tex.1986). Thus, in *Kulubis*, the court allowed a wife owning an undivided one-half interest in the couple's home as separate property, to recover fire insurance proceeds after her husband burned down their house. The court, however, expressly declined to address the issue of an innocent spouse's right to recover under a policy insuring community property. *Id.*

This Court addressed that very issue on the heels of *Kulubis* in *Norman v. State Farm Fire & Casualty*, 804 F.2d 1365 (5th Cir.1986). In *Norman*, we examined the concerns addressed in *Kulubis*—the potential for wrongdoers to benefit from their wrongs, the possibility of fraud on insurers, the prevention of unjust enrichment of insurers, and the avoidance of imputing the crimes of the wrongdoer to his innocent victim. *Id.* at 1366. Placing the greatest emphasis on the first of these, we denied recovery to an innocent co-insured whose community property was destroyed by her husband. *Id.* We noted, however, that "developments after the fact of destruction—developments such as a divorce and property allocation—may so bring matters about that the culpable spouse receives no benefit from his act of arson." *Id.* at 1366–67.

Now that the Websters are divorced, Guy would receive no benefit should State Farm reimburse Etta for her loss. That the Websters' property interests were severed after coverage was denied them, however, is irrelevant to our analysis. At all points of time pertinent to State Farm's decision to deny recovery—the date the policy was issued, the date of the fire, the date the Websters filed their claim, and the date the claim was refused—the property was community. At no time did husband or wife file individual proofs of loss or request State Farm to consider their interest as separate.[2]

**224**

The result is harsh in this instance, but an insurer has no means of predicting marital failures. Had State Farm compensated Etta alone when the Websters filed their claim, Guy, the arsonist, would have benefitted from his wrongdoing because the payment would have constituted community property. State Farm, thus, did not breach its contract with the Websters by denying coverage. The summary judgment in its favor, therefore, is

AFFIRMED.