NORRIS, Judge,
concurring.
I respectfully concur with the result reached by the majority. I subscribe to the rule that an insurance policy is the law between the parties. Pareti v. Sentry Indem. Co., 536 So.2d 417 (La.1988); Hartford Acc. & Indem. Co. v. Joe Dean Contr., 584 So.2d 1226 (La.App.2d Cir.1991). The general rules of interpretation apply to insurance policies just as to other contracts. Schroeder v. Board of Supervisors, 591 So.2d 342 (La.1991), and discussion therein. Under these rules, when the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent. La.C.C. art. 2046. Ambiguous words must be construed in favor of the insured and against the insurer. La.C.C. art. 2056. I would like to be able to declare an ambiguity in *83 this policy exclusion and award benefits to Ms. Osbon, the innocent spouse in this situation.
I also reluctantly acknowledge that the courts have no authority to relieve a party of a bad bargain. See Tahoe Corp. v. P & G Gathering Systems Inc., 506 So.2d 1336 (La.App. 2d Cir.1987), and authorities therein.
The instant result is manifestly inequitable. The legislature should take steps to prohibit such a result and institute some version of the “innocent spouse” rule, as is the law in Mississippi and Texas. See McGory v. Allstate Ins. Co., 527 So.2d 632 (Miss.1988), and Kulubis v. Texas Farm Bur. Underwriters, 706 S.W.2d 953 (Tex.1986).
I respectfully concur.