Jan SAUNDERS, Appellant,

v.

**COMMONWEALTH LLOYD'S INSURANCE COMPANY,**
Appellee.

No. 04–95–00236–CV.

Court of Appeals of Texas,
San Antonio.

Aug. 30, 1996.

Peter Torres, Jr., Law Office of Peter Torres, Jr., P.C., San Antonio, for appellant.

Robert D. Allen, William W. Speed, Aaron L. Mitchell, Vial, Hamilton, Koch & Knox, Dallas, Laurence Kurth, Jones, Kurth & Andrews, P.C., San Antonio, for appellee.

Before CHAPA, C.J., and HARDBERGER and GREEN, JJ.

HARDBERGER, Justice.

This is an appeal from the granting of a summary judgment in an insurance bad faith case. Jan Saunders, the insured, sued Commonwealth Lloyd's Insurance Company (Commonwealth) alleging several instances of improper claims handling including failure to promptly pay a fire loss that completely destroyed Saunders' home in 1988. We affirm the summary judgment.

Jan and Dan Saunders' house was completely burned down by a fire in 1988. The Saunders made a claim on their policy. The insurance company investigated the claim and concluded that Dan Saunders was responsible for setting the fire. Saunders was convicted of the felony of conspiring to burn the house down. The insurance company then denied the claim. This court reversed that conviction. Saunders was acquitted of the charge following a retrial.

The insurance company continued to deny the claim based on the evidence that Saunders was involved in setting the fire. Both of the Saunders brought suit for breach of contract and bad faith claims. The trial court severed Dan and Jan Saunders' extra contractual claims from Dan's breach of contract action. In the trial of the contract portion of Dan's claim, a Bexar County jury found that Dan Saunders was responsible for the arson fire that destroyed the house. Dan dropped his claims for extra-contractual damages following the adverse verdict in the underlying trial.

Although the insurance company treated Jan Saunders as an innocent spouse, it refused to pay any part of the claim because the house was community property. The insurance company claims that the case law at the time supported its decision not to pay Jan any proceeds. In 1993, the insurance company agreed to pay Jan one-half of the available insurance proceeds, plus interest, to extinguish her contractual claim.

The insurance company filed two motions for summary judgment during the course of this litigation. The first motion was filed and decided prior to the trial on Dan's contractual claims. Following the jury's verdict in Dan's case, the insurance company filed a second motion for summary judgment on Jan's claims for extra-contractual damages which was granted. Jan Saunders now appeals from that summary judgment.

Jan Saunders claims in her first point of error that "the motion and the proof were legally insufficient to resolve sua sponte Appellant's Insurance Code and Deceptive Trade Practices claims." Saunders said that the insurance company's motion for summary judgment addressed only part of her Insurance Code and DTPA claim: the part pertaining to the cancellation of the insurance policy. She alleged various other violations of the Insurance Code and DTPA including failure to properly investigate the claim and failure to promptly pay the claim. Saunders also claims that the motion did not contain any summary judgment proof concerning the claims not expressly addressed in the motion.

Saunders' position that Commonwealth's motion for summary judgment only addressed the notice issue is easily resolved. Commonwealth alleged in its motion that it was moving for summary judgment "on all of Plaintiff's causes of action based on its alleged denial of Plaintiffs' claims without a reasonable basis." In paragraph three of the motion Commonwealth states that it "was aware of the following evidence, which provide a reasonable basis to deny the Plaintiffs' claim as a matter of law." Commonwealth Lloyd's goes on to say that it "moves for summary judgment on Jan Saunders' claims that Commonwealth Lloyds delayed or denied her claim without a reasonable basis. There is no genuine issue that Commonwealth Lloyd's had a bona fide dispute

with Jan Saunders regarding whether she was entitled to one-half the insurance policy proceeds." In later paragraphs, Commonwealth specifically alleges that it is moving for summary judgment on plaintiffs claims for slander, false light publicity and intentional infliction of emotional distress. Clearly, Commonwealth did everything it needed to move for summary judgment on all of Jan Saunders' claims and not just the lack of notice. *See, e.g., McConnell v. Southside School Dist.,* 858 S.W.2d 337, 341 (Tex.1993). To the extent that Saunders' first point of error alleges that the motion for summary judgment does not raise the bad faith, DTPA and insurance code claims based upon the failure to promptly pay a claim, we overrule it.

Saunders' first point of error also seems to raise the issue that the summary judgment evidence was *insufficient* to support a summary judgment on all causes of action asserted by Jan based on failure of Commonwealth Lloyds to promptly pay her claim. This is closely related to appellant's second point of error that she raised material issues of fact sufficient to defeat the summary judgment. Therefore we will address them together.

■ The standards applicable to the review of summary judgments are well known. *See* TEX.R. CIV. P. 166a; *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). In order to state a cause of action for the breach of the duty of good faith and fair dealing, an insured must allege that there is no reasonable basis for the insurer's denial of a claim, there is a delay in payment by the insurer, or there is a failure on the part of the insurer to investigate. *Arnold v. National County Mut. Fire Ins. Co.,* 725 S.W.2d 165 (Tex.1987). The plaintiff must prove that no reasonable basis existed for denying the insurance claim. *State Farm Lloyds, Inc. v. Polasek,* 847 S.W.2d 279, 283 (Tex.App.—San Antonio 1992, writ denied). The denial of coverage may be erroneous but still be in good faith if it was based upon the information which was available to the insurer at the time coverage was denied and the information supported denial. *Pioneer Chlor Alkali v. Royal Indem. Co.,* 879 S.W.2d 920, 939 (Tex.App.—Houston [14th Dist.] 1994, no writ).

■ Under Texas law, an insurer who can prove that it possessed a reasonable basis for denying or delaying payment of a claim, even if that basis is eventually determined by the fact finder to be erroneous, enjoys immunity from statutory bad faith under the Texas Deceptive Trade Practices Act and the Texas Insurance Code. *See, e.g., Lyons v. Millers Cas. Ins. Co. of Texas,* 866 S.W.2d 597 (Tex. 1993).

The law regarding both statutory and common-law "bad faith" actions is currently in a state of flux. The Texas Supreme Court has recently issued a series of opinions that have made major alterations to "bad faith" law. *See Transportation Insurance Co. v. Moriel,* 879 S.W.2d 10 (Tex.1994); *National Union Fire Insurance v. Dominguez,* 873 S.W.2d 373 (Tex.1994); *Lyons v. Millers Cas. Ins. Co. of Texas,* 866 S.W.2d 597 (Tex.1993).

■ The issue here is whether Commonwealth proved it was entitled, as a matter of law, to judgment because it had a reasonable basis to deny the claim. Commonwealth argues that its reasonable basis for denying the claim was that Texas law did not (and presumably still does not) allow the innocent spouse to recover insurance proceeds when community property was destroyed by the arson acts of the culpable spouse. An examination of the law concerning innocent spouses and the facts of this case demonstrate that Commonwealth had a reasonable basis to deny Jan Saunders' claim as a matter of law.

Historically, Texas law did not allow either an innocent spouse or an innocent co-insured to recover insurance proceeds when community property was destroyed by the arson acts of her culpable spouse. *See Jones v. Fidelity & Guaranty Ins. Corp.,* 250 S.W.2d 281 (Tex.Civ.App.—Waco 1952, writ ref'd). In *Kulubis v. Texas Farm Bureau Underwriters Ins. Co.,* 706 S.W.2d 953, 955 (Tex. 1986), the court held that an innocent co-insured could recover under an insurance policy, when another culpable co-insured illegally destroys jointly owned non-community property. The Texas Supreme Court specifically reserved the issue of whether an inno-

cent spouse could recover under the same circumstances if the destroyed property was community property. *Id.* at 955. The court made a distinction between innocent co-insured and innocent spouses and specifically postponed deciding the rights of an innocent spouse for another case.

After *Kulubis,* the Fifth Circuit applying Texas law analyzed an innocent spouse's right to recover insurance proceeds when community property was destroyed by the arson acts of the culpable spouse. *Norman v. State Farm Fire & Cas. Co.,* 804 F.2d 1365 (5th Cir.1986). In *Norman,* the court held that, notwithstanding *Kulubis,* an innocent spouse cannot recover under an insurance policy when the other culpable spouse intentionally destroys community property by arson. At the time of the Saunders claim, there was a Fifth Circuit case, applying Texas law, directly on point, specifically holding that an innocent spouse could not recover insurance proceeds for her interest of the community property in a house destroyed by a fire that was intentionally set by or at the direction of the culpable spouse. *Norman,* 804 F.2d at 1366.

In 1992, three years after Commonwealth Mutual denied Saunders' claim, the Fifth Circuit held that a post-fire divorce between the innocent and culpable spouses, which decreed one-half of the insurance proceeds on the destroyed community property as the innocent spouse's separate property, still does not allow the innocent spouse to recover insurance proceeds for a pre-divorce arson fire. *Webster v. State Farm Fire & Cas. Co.,* 953 F.2d 222, 223 (5th Cir.1992).

Later in 1992, the Amarillo Court of Appeals issued an opinion in *Travelers Cos. v. Wolfe,* 838 S.W.2d 708 (Tex.App.—Amarillo 1992, no writ). The fact pattern in *Wolfe* was similar to the one in *Webster.* The innocent spouse in *Wolfe* divorced the culpable spouse after an arson fire set by him destroyed the community property. The *Webster* court allowed the innocent spouse to recover her separate property interest in the insurance proceeds. *Wolfe,* 838 S.W.2d at 712. *Wolfe* was not applicable to Saunders because she was still married to the culpable spouse. After *Wolfe,* Commonwealth decided to pay Jan Saunders one half of the policy limits. Based upon the Fifth Circuit's opinion in *Norman,* Commonwealth had a reasonable basis for refusing to pay Jan Saunders on the basis that the insured property was community property and that she was married to the culpable party.

■ Saunders also argues that Commonwealth had *no reasonable basis* for concluding that her husband had been a culpable party in the arson. Commonwealth attached as evidence to its motion for summary judgment evidence supporting its decision to treat Mr. Saunders as a culpable spouse. This same evidence was considered sufficient by two juries to reach the conclusion that Dan Saunders had in fact been a party to the arson fire which destroyed the couple's house, the insured property. The insurance company possessed a reasonable basis for denying payment of the claim to Jan Saunders. This is not a case where Commonwealth Lloyd's was unable to convince the fact finder that its basis for denying the claim was correct. *See, e.g., Transportation Ins. Co. v. Moriel,* 879 S.W.2d 10 (Tex.1994); *Lyons v. Millers Cas. Ins. Co.,* 866 S.W.2d 597 (Tex.1993).

Based upon the existing caselaw, and the facts available to Commonwealth, we hold that Commonwealth had a reasonable basis as a matter of law to deny the claim. Therefore, the summary judgment as to all causes of action was proper. We overrule both of appellant's points of error.

The trial court's judgment is affirmed.