United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 29, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-10604
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BARBARA ANTONIE FISK,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CR-185
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges:

PER CURIAM:[*]

Barbara Antonie Fisk appeals her concurrent 46-month prison sentences imposed following her guilty-plea conviction of three counts of mail fraud, in violation of 18 U.S.C. § 1341.

Fisk's sentence was based largely on a determination, under U.S.S.G. § 2B1.1(b)(1)(G), that she had caused $293,084.94 in losses to insurance companies that she had defrauded through the use of fictitious and altered receipts and other documents, by causing fires to be set, and by causing a hot-water heater to malfunction. She contends that the sentencing evidence, as set

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

forth in the Presentence Report (PSR), was inadequate to establish the loss figure and was based on unsupported assertions by an ATF Agent, S. Whittaker. Fisk also argues that the district court erred by counting legitimate portions of insurance claims as loss amounts, instead of counting only those portions of claims that were deemed to be fraudulent.

A sentence imposed in the advent of United States v. Booker, 543 U.S. 220 (2005), will generally be affirmed if it is "reasonable." United States v. Mares, 402 F.3d 511, 517-20 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005). After Booker, we still review the district court's application of the Guidelines de novo and factual findings for clear error. See United States v. Lewis, 476 F.3d 369, 389 (5th Cir. 2007). "The sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guidelines sentencing range." Id.

"'Actual loss' means the reasonably foreseeable pecuniary harm that resulted from the offense." § 2B1.1, comment. (n.3(A)(i)). "The court need only make a reasonable estimate of the loss. The sentencing judge is in a unique position to assess the evidence and estimate the loss based upon that evidence. For this reason, the court's loss determination is entitled to appropriate deference." Id., comment. (n.3©). "In resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its

probable accuracy." U.S.S.G. § 6A1.3(a), p.s.  "A district court 'may adopt the facts contained in a [PSR] without further inquiry if those facts have an adequate evidentiary basis with sufficient indicia of reliability and the defendant does not present rebuttal evidence or otherwise demonstrate that the information in the PSR is unreliable.'"  United States v. Valdez, 453 F.3d 252, 262 (5th Cir.) (citation omitted), cert. denied, 127 S. Ct. 456 (2006). When a district court relies on such PSR information, the defendant has the burden to show that it is materially untrue.  Id.; see § 6A1.3, p.s.

In arriving at the loss figure in Fisk's case, the district court reasoned that the Government discharged its burden of proof by showing that at least some portion of each of 10 insurance claims by Fisk was fraudulent.  The court indicated that the burden then shifted to Fisk to show that certain portions of each insurance claim was legitimate, but Fisk submitted no evidence to make such a showing.  The court's reasoning was sound, because an insured party generally is not entitled to benefit from an insurance contract when that party has inflated or exaggerated his claims or has otherwise engaged in fraud.  See, e.g., Chaachou v. American Century Ins. Co., 241 F.2d 889, 892 (5th Cir. 1957); Kulubis v. Texas Farm Bureau Underwriters Ins. Co., 706 S.W.2d 953, 955 (Tex. 1986); see also TEX. INS. CODE § 551.104(b)(2).

Fisk's assertions that the loss figure was supported only by the conclusional assertions of Agent Whittaker is contradicted by the record.  Whittaker's report of Fisk's history of insurance fraud was painstakingly thorough and was based both on documents

seized from Fisk's homes and through grand-jury subpoenas and on interviews with named and unnamed witnesses. The information was more than sufficient to warrant the loss calculation. See Valdez, 453 F.3d at 262; United States v. Gracia, 983 F.2d 625, 629-30 (5th Cir. 1993).

Fisk also contends that the district court erred in applying a two-level increase through an arson "cross-reference" in the fraud guideline. See § 2B1.1(c)(2); U.S.S.G. § 2K1.4(a)(3). This increase was based on a determination that Fisk had committed arson with respect to a storage shed that burned on January 28, 2001, a fire for which Fisk had filed an insurance claim. Fisk argues that the sentencing information was insufficient to show that she committed arson. She is incorrect. The PSR showed that the January 2001 storage-shed was very similar to a July 1999 fire at another storage shed rented by Fisk; that investigations of each could not rule out arson as a cause; that, after both fires, Fisk allegedly discarded destroyed items before the insurance agent arrived; that the loss claims after both fires was based at least partially on fraudulent and altered receipts; that Fisk's property policy was set to expire only two weeks after the January 28, 2001 fire; that at least one named witness testified that Fisk had told him that she started a fire in one of her houses and solicited him to start a fire in another of her residences. The district court did not clearly err in concluding that this circumstantial evidence supported a determination that Fisk started the January 28, 2001 fire. See Lewis, 476 F.3d at 389.

The January 28, 2001 arson fire was at least arguably part of a "common scheme or plan" to commit insurance fraud, as set forth in the indictment counts. See § 2B1.1(a)(1)(A) and (2), (c)(2); § 2K1.4(a)(3); U.S.S.G. § 1B1.3, comment. (n.9). The 2001 fire reflected a "common purpose" and "similar modus operandi" to the 1999 storage-shed fire and two subsequent fires at Fisk's homes. See § 1B1.3, comment. (n.9(A)). Because the guidelines require that an amount-of-loss calculation should be "grouped," see U.S.S.G. § 3D1.2(d), the district court did not err in concluding that the arson cross-reference applied in these circumstances.

The judgment of the district court is AFFIRMED.