# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 11, 2008

Charles R. Fulbruge III
Clerk

No. 07-30625
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ROBERT EARL STAFFORD

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:06-CR-50135-13

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Robert Earl Stafford appeals the sentence imposed after he pleaded guilty to two counts of a multi-count indictment alleging numerous instances of mail fraud arising from a scheme to defraud insurance companies through false claims. The district court imposed a 24-month sentence, which was above the advisory guidelines maximum sentence of 10 months.

Stafford contends that the amount of loss was miscalculated and should not have included insurance payments for legitimate claims arising from the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

accident. The district court was entitled to rely on the loss amount calculated in the presentence report because Stafford presented no evidence that any claim was legitimate. See United States v. Caldwell, 448 F.3d 287, 290 (5th Cir. 2006); see also United States v. Fisk, 233 F. App'x 371, 373 (5th Cir. 2007).

Stafford contends that the restitution order was erroneous because the loss amount was miscalculated. Because the loss was correctly calculated, the restitution order was correct.

Stafford contends that he was "improperly" sentenced above the guidelines range. The sentence was reasonable as either an upward departure under U.S.S.G. § 4A1.3(a) or as a non-guidelines sentence under 18 U.S.C. § 3553(a). See Gall v. United States, 128 S. Ct. 586, 595-97 (2007). The district court based the sentence on numerous repeat DWI offenses that were not counted in Stafford's criminal history score, and the court clearly explained that the enhanced sentence was needed for deterrence and protection of the public under § 3553(a).

The judgment of the district court is AFFIRMED.